THOMAS J. JONES, a single man, Plaintiff-Appellant *v.* STATE OF HAWAII, a Body Politic, Defendant-Appellee, HALEKULANI HOTEL, INC., a Hawaii Corporation, et al., Defendants

NO. 5862

JUNE 8, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Appellant, the plaintiff in this action, was injured on March 27, 1970 by a dive into shallow water from a seawall. He was 16 years old at the time of the accident, having been born September 9, 1953. The present action against the State was filed on April 26, 1974. Summary judgment in favor of the State was granted upon the ground that the action is barred by the statute of limitations. We affirm.

At the time of the accident, HRS § 657-13 provided:

*Infancy, insanity, imprisonment.* If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:

(1) Within the age of twenty years; or,
(2) Insane; or,
(3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than his natural life;

such persons shall be at liberty to bring such actions

within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

The applicable statute of limitations is HRS § 662-4:

*Statute of Limitations.* A tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues.

Act 2, Session Laws 1972, amended HRS § 657-13, effective March 28, 1972, by substituting "eighteen years" for "twenty years" in clause (1). The period of two years after Appellant attained the age of 18 years expired on September 9, 1973, and the period of two years after the effective date of the amendment expired on March 28, 1974, both expirations being prior to the filing of this action. Appellant concedes, in his brief, that he would be barred if it were not for the following provision contained in Act 2, the amendatory act:

SECTION 38. This Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date.

Appellant contends that he was entitled, on the date of the accident, to bring his action against the State within two years after he attained the age of 20 years and that this was a "matured" right which was not affected by the amendment of HRS § 657-13. In order to sustain this argument, Appellant would have us read HRS § 657-13 as though it provided in express terms, on the date of the accident, that a person under the age of 20 years at the time a cause of action accrued had the statutory period of limitation after attaining that age to bring his action. But the statute approached the matter differently. Lumping the circumstances of infancy, insanity and imprisonment together, and calling each a "disability", HRS § 657-13 provided that the statutory period of limitation would begin "after the disability is removed." Removal of the disability occurred, in Appellant's case, on March 28, 1972, after he had attained the age of 18 years. The most that Appellant can claim, if HRS § 657-13 is regarded as conferring "matured" rights prior to its amendment, is a matured right to bring his action within two years after the

removal of his disability. This period expired before the present action was brought.

Thus we read HRS § 657-13 as containing no greater assurance that Appellant's disability of infancy would not be removed before he attained 20 years than that the disability of another's imprisonment would not be shortened by a pardon before expiration of the sentence. In neither case do we see an assurance on which a claim of right to the longer period of disability, and the attendant extension of the period of limitation, could be founded.

In the view we have taken of this case it has not been necessary to consider the State's contention that HRS § 657-13 is inapplicable by its terms to an action against the State under Chapter 662 and that the period of limitation prescribed by § 662-4 is therefore not tolled by infancy.

The judgment is affirmed.

*Paul G. Rees, Jr., (Rees, Mercaldo & Smith,* P.C. of counsel, *George Sheets* with him on the briefs) for Plaintiff-Appellant.

*Wallace Weatherwax,* Deputy Attorney General *(Shirley Smith,* Deputy Attorney General on the briefs), for Defendant-Appellee.