BELINDA AU, Plaintiff-Appellant, *v.* GORDON S. K. AU and HERBERT HU, Defendants-Appellees

NO. 6706

MARCH 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* A motion for partial reconsideration of this Court's opinion in the instant case was filed by appellees on March 16, 1981. The motion contends that this Court should reconsider the use of HRS § 657-1(4) as the limitations period for counts I and II, since the applicability of that statute was never briefed or discussed previously. They argue that HRS § 657-7 encompasses and applies to the kinds of injury alleged in appellant's complaint.

HRS § 657-1(4) was enacted during the 1972 legislative session and was effective on July 1, 1973. S.L.H. 1972, c. 105, § 1(a). This law was in effect before the cause of action arose and in effect throughout this litigation. There was ample time for appellees to have briefed and discussed the impact of HRS § 657-1(4) during this appeal. When justice requires, we can consider legal theories not raised beforehand which reverses a judgment. *See, In Re Taxes,*

*Hawaiian Land Co.,* 53 Haw. 45, 487 P.2d 1070 (1971), *appeal dismissed,* 405 U.S. 907, 1048 (1972).

In addition, courts will apply the longer limitations period when there is doubt as to which statute applies. *Sato v. Van Denburgh,* 123 Ariz. 225, 599 P.2d 181 (1979). Thus, the six-year limitations period in HRS § 657-1(4) rather than the two-year period in HRS § 657-7 applies.

We adhere to our opinion filed on March 6, 1981. The Motion for Partial Reconsideration of Supreme Court's Opinion is denied without argument.

*Reuben S. F. Wong and Robert K. Matsumoto* for defendants-appellees for the petition.