706 P.2d 16 (1985)
In the Matter of the Appointment of an Arbitrator for the Dispute Between Gary WIEGAND, Petitioner-Appellant, and
ALLSTATE INSURANCE COMPANIES, Respondent-Appellee.
In the Matter of the Appointment of an Arbitrator for the Dispute Between Alicia MORRIS, Petitioner-Appellant, and
The HAWAIIAN INSURANCE & GUARANTY COMPANY, LIMITED, Respondent-Appellee.
Willie L. ROBINSON and Charline Robinson, individually, and Lloyd Y. Asato, as Special Administrator of the Estate of Willie R. Robinson, Deceased, Petitioners-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent-Appellee.
Nos. 10051, 10054 and 9807.
Supreme Court of Hawaii.
August 23, 1985.
*17 Roy J. Bell, III, and Glenn Grayson, Honolulu (Jan M. Weinberg and Winfred K.T. Pong, Honolulu, with them on brief; Weinberg & Bell, Honolulu, of counsel), for petitioner-appellant Gary Wiegand, for petitioner-appellant Alicia Morris.
Sean Kim, Honolulu (Gill, Park, Park & Kim, Honolulu, of counsel), for petitioner-appellant Willie R. Robinson.
Walter Davis, Honolulu (Ashley K. Fenton, Honolulu, with him on brief; Davis, Reid & Richards, Honolulu, of counsel), for respondent-appellee The Hawaiian Ins. & Guar. Co., Ltd.
Lyle Y. Harada (James Kawashima, Honolulu, with her on brief; Kobayashi, Watanabe, Sugita & Kawashima, Honolulu, of counsel), for respondent-appellee State Farm Mut. Auto. Ins. Co.
Anthony Y.K. Kim and Brian Takahashi, Honolulu, on brief; Hamilton, Gibson, Nickelsen, Rush & Moore, Honolulu, of counsel, for respondent-appellee Allstate Ins. Co.
Before LUM, C.J., and NAKAMURA, PADGETT, HAYASHI and WAKATSUKI, JJ.
WAKATSUKI, Justice.
The three cases were consolidated for purposes of oral argument. The respective insurance company in each case denied payment of certain no-fault benefits claimed by the appellants. The appellants then demanded arbitration by petitioning the circuit court to appoint arbitrators. In each case, a demand for arbitration was made more than two years after the last no-fault payment was made, but before six years from the date of the last payment of no-fault *18 benefits. The circuit court denied the petitions on grounds that the two-year statute of limitation provision in the Hawaii Revised Statutes (HRS) § 294-36(a)[1] is applicable to demands for arbitration to settle the disputed claims for no-fault benefits. We affirm.

I.
In case no. 9807, Robinson v. State Farm, Willie Robinson sustained fatal injuries as a passenger in a motor vehicle accident on October 1, 1977. The last no-fault payment made by State Farm for this accident was on August 30, 1978. In June, 1983, Robinson's estate applied for survivor and lost income benefits, which were denied by State Farm. A month later, appellants filed for appointment of an arbitrator.
In case no. 10051, In re Wiegand, Appellant Wiegand's daughter was killed on September 6, 1979 when struck by a motor vehicle driven by an insured under a no-fault automobile insurance policy issued by Allstate. Allstate paid all medical and funeral costs, the last payment having been made on April 24, 1980. Wiegand, on February 17, 1984, made a demand on Allstate for future earnings to be paid to his deceased daughter's estate. The demand was refused, and in March, petition was made for the appointment of an arbitrator.
In the Morris case, no. 10054, Morris was injured in a motor vehicle collision on May 17, 1978. Several medical payments were made by the insurer, Hawaiian Insurance and Guaranty (HIG), the last of which was made on August 21, 1980. In January, 1984, Morris submitted further medical bills to HIG, which refused to pay them. On March 9, 1984, Morris petitioned the circuit court for appointment of an arbitrator.
All three cases involve a demand for arbitration made more than two years after the last no-fault payment was made, but less than six years from that date.

II.
Appellants contend that the arbitration clause in the no-fault policy is contractual in nature and therefore, the six year statute of limitations period provided in HRS § 657-1 is applicable and not the two-year statute of limitations period provided in HRS § 294-36. Appellants argue that the word "suit" should be narrowly construed to mean only judicial proceedings, and that arbitration is not a judicial proceeding, therefore, the word "suit" in HRS § 294-36 should not be construed to include arbitration. We disagree.
Under HRS § 294-32[2], whenever a claimant or insurer requests an arbitration to settle a dispute, either party submits a written request for arbitration and appointment *19 of an arbitrator with the clerk of the circuit court in the circuit where the accident occurred. The administrative judge shall then appoint an arbitrator. HRS § 294-32 further provides that an appeal may be taken from any judgment to the circuit court. Clearly, under HRS § 294-32 the arbitration process to settle disputed claims must be initiated in a judicial proceeding and an appeal of an arbitrator's judgment may be taken to the circuit court in a judicial proceeding. Appellants' contention that this arbitration process outlined in our no-fault law is not a "judicial proceeding" within the meaning of the word "suit" as used in HRS § 294-36 defies a logical, reasonable and rational construction of the word "suit."

II.
Where the language of the statute is ambiguous, the court's primary objective is to ascertain and give effect to legislative intention. Puchert v. Agsalud, 67 Hawaii 26, ___, 677 P.2d 449, 456 (1984).
Appellants would limit the definition of the word "suit" to judicial proceedings. Appellees would construe "suit" to include arbitration proceedings as well as judicial proceedings. Both have found support in cases from other jurisdictions interpreting other statutes or contracts. Compare, e.g., Har-Mar, Inc. v. Thorsen & Thorshov, Inc., 300 Minn. 149, 218 N.W.2d 751 (1974), and Son Shipping Co. v. DeFosse & Tanghe, 199 F.2d 687 (2d Cir.1952), with Madawick Contracting Co. v. Travelers Insurance Co., 202 Misc. 411, 114 N.Y.S.2d 300 (N.Y.Sup. 1952), and Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Union, 222 F. Supp. 125 (E.D.N.Y. 1963).
The word "suit" in HRS § 294-36 may be susceptible to more than one interpretation. Therefore, we will look to the intent of the legislation in construing "suit."

A.
A primary objective of the Hawaii No-Fault Law is to "expedite the settling of all claims." House Joint Stand.Comm.Rep. No. 187, reprinted in 1973 House Journal at 836. See also, Sen.Conf.Comm.Rep. No. 4, reprinted in 1973 Senate Journal at 635; House Conf.Comm.Rep. No. 13, reprinted in 1973 House Journal at 1219. See generally, Legislative Auditor, A Study of Hawaii's Motor Vehicle Insurance Program (1972) (hereinafter, Auditor's Report).
Prompt settlement of claims would provide reparations for injuries sustained in motor vehicle accidents when most needed. Auditor's Report at 35-47; O'Connell, The Injury Industry and the Remedy of No-Fault Insurance 15-27 (1971) (hereinafter, O'Connell). The lack of necessity of determining who is at fault in a motor vehicle accident with its concomitant delay also should mean that more of the premium dollar will be spent on direct benefits to the injured. Thus, the theory is that the cost of automobile insurance would be lowered. Auditor's Report at 31-47; O'Connell 106-121.
The no-fault law has been analogized to the workers' compensation law. Joshua v. MTL, 65 Hawaii 623, 631, 656 P.2d 736, 741 (1982). As with the workers' compensation law, the no-fault law represents a socially enforced bargain where both parties give up some rights in exchange for other benefits. See Hun v. Center Properties, 63 Hawaii 273, 276, 626 P.2d 182, 185 (1981). The injured party relinquishes the right to sue for large amounts of general damages, and is saddled with a shorter limitations period in exchange for certainty and promptness of reparations for injuries. The insurer, on the other hand, is mandated to pay all no-fault benefits promptly regardless of who is at fault. In return, the insurer should be able to more promptly close each case file and should be better able to predict the cost of each case.
We agree with the Michigan appellate court that the relatively short limitations period "seems consonant with the Legislative purpose in the No-Fault Act in encouraging claimants to bring their claims to court within a reasonable time and the reciprocal obligations of insurers to adjust and pay claims seasonably." Pendergast v. American Fidelity Fire Ins. Co., 118 *20 Mich. App. 838, 841, 325 N.W.2d 602, 604 (1982). A longer statute of limitations would undermine one of the objectives of the no-fault law and would give the insurer a disincentive to promptly pay a disputed loss. Salvado v. Prudential Property and Cas. Ins. Co., 287 Pa.Super. 304, 313, 430 A.2d 297, 302 (Price, J., concurring and dissenting) (1981).
The prompt settlement of claims is an objective of the no-fault law which isn't altered by the availability of an arbitration proceeding in lieu of a judicial proceeding. Arbitration is no better at resolving stale claims than ordinary court proceedings. While evidentiary and procedural rules are more flexible in an arbitration proceeding, arbitration is no better at refreshing faded memories or at locating witnesses. Given the objectives of the no-fault law, we are convinced that the word "suit" in HRS § 294-36 was intended to be inclusive of the arbitration proceeding under our no-fault law.

B.
The purpose of a statute of limitations is to discourage delay and the presentation of stale claims. Yoshizaki v. Hilo Hospital, 50 Hawaii 150, 154, 433 P.2d 220, 223 (1967). In addition, one of the merits of arbitration is its expediency over ordinary court proceedings. Rancho Pescado, Inc. v. Northwestern Mutual Life Ins. Co., 140 Ariz. 174, 182-183, 680 P.2d 1235, 1243-1244 (1984); City of Dearborn v. Freeman-Darling, Inc., 119 Mich. App. 439, 444, 326 N.W.2d 831, 834 (1982); Eric A. Carlstrom Const. Co. v. Independent School Dist. No. 77, 256 N.W.2d 479, 483 (Minn. 1977); Wilhelm v. Universal Underwriters Ins. Co., 17 Ill.Dec. 872, 876, 60 Ill. App.3d 894, 899, 377 N.E.2d 62, 66 (1978).
Undoubtedly our legislature could not have intended that the arbitration proceeding in our no-fault law be used to frustrate prompt settlement of disputed claims. See Trade Arbed, Inc. v. S/S Ellispontos, 482 F. Supp. 991, 999 (S.D.Tex. 1980).
The no-fault law provides arbitration as an alternative to the ordinary court process, and the legislature did not expand, nor change the remedy obtainable under the arbitration process. See HRS §§ 294-30, 294-32, and 294-38. Appellants' contention would expand the remedy available under our no-fault law by giving a cause of action longer life under the arbitration process than under the ordinary court process. Furthermore, after the two-year periods provided in § 294-36 have expired, arbitration would not be an alternative forum but the exclusive forum to settle no-fault disputes. Surely, nothing in the no-fault law suggests that such a result was intended by the legislature.

III.
Finally, we note that the reasoning of the appellants in substituting a six-year limitation period for the two-year period provided in § 294-36 is flawed. The six-year limitation period urged by appellants is based on the notion that an agreement to arbitrate is contractual in nature. A cause of action arises under a contract when the contract is breached. Thus, under an agreement to arbitrate, the agreement is breached when one party, contrary to the terms of the agreement, refuses to arbitrate. This refusal commences the running of the statute of limitations. From the date of the refusal, the party would have six years in which to compel arbitration by petition to the court. Neither HRS chapter 294 nor chapter 658 support appellants' contention that the applicable statute of limitations is six years from the date of the last no-fault payment.

IV.
We hold that the other contentions raised by Appellants are without merit.
Affirmed.
NOTES
[1] Hawaii Revised Statutes § 294-36(a) provides:

Statute of limitations. (a) No suit shall be brought on any contract providing no-fault benefits or any contract providing optional additional coverage more than:
(1) Two years from the date of the motor vehicle accident upon which the claim is based; or
(2) Two years after the last payment of no-fault or optional additional benefits; or
(3) Two years after the entry of a final order in arbitration; or
(4) Two years after the entry of a final judgment in, or dismissal with prejudice of, a tort action arising out of a motor vehicle accident, where a cause of action for insurer bad faith arises out of the tort action; whichever is the last to occur.
[2] HRS § 294-32 provides:

Arbitration. Any dispute relating to a no-fault policy may be submitted to an arbitrator upon written request filed by a claimant or insurer with the clerk of the circuit court in the circuit where the accident occurred. Any fee or cost of the arbitrator shall be borne equally by the parties unless otherwise allocated by the arbitrator. The administrative judge of each circuit court shall maintain a current list of persons qualified and willing to act as arbitrators and shall, within ten days of the date of filing of a request for arbitration, appoint an arbitrator from such list to hear and determine the claim. Except as otherwise provided herein, the arbitration shall be in accordance with and governed by the provisions of chapter 658. An appeal may be taken from any judgment of the arbitrator to the circuit court in the manner provided for in Rule 72 of the Hawaii Rules of Civil Procedure.