GARY WIEGAND, Special Administrator for the Estate of KRISTEN MARIE WIEGAND, deceased; GARY WIEGAND, individually, and ROSEMARY ANN CORREA, Plaintiffs-Appellees, *v.* SHARON CONSTANCE COLBERT, Defendant-Appellant, and MARSHALL COLBERT; CITY AND COUNTY OF HONO-LULU; DEPARTMENT OF TRANSPORTATION; AKIRA FUJITA, Acting Director of Transportation Services; JOHN DOES 1-10 and DOE CORPORATIONS 1-10, Defendants

NO. 10777

(CIVIL NO. 61068)

MAY 15, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment for the plaintiffs entered after a jury verdict in a negligence action. We affirm in part and reverse in part.

The decedent, Kristen Marie Wiegand, age 10, was struck on September 6, 1979, while crossing Kailua Road, in or near a crosswalk, near the intersection of Aoloa Street in Kailua, Oahu, by a vehicle driven by the appellant. She died as a result of her injuries. On September 12, 1979, a casualty adjuster, Sandra J. Pennaz, employed by appellant's insurer, Allstate Insurance Company, took a recorded statement of the appellant's version of events leading up to and including the accident.

On November 30, 1979, the appellees' then attorneys made a demand upon Allstate Insurance Company for the policy limits of $25,000. On January 11, 1980, Allstate replied in a letter signed by Ms. Pennaz, stating that "we will not be voluntarily making an offer of settlement on

this case." On March 2, 1980, the demand for the policy limits was renewed by appellees' then attorneys in a letter to Allstate which claimed that the appellant was traveling at a speed in excess of school crossing conditions existing at the time, and that she struck the decedent in a crosswalk. Again, the demand was rejected by a letter dated March 17, 1980 signed by Ms. Pennaz. On February 17, 1984, appellees' new attorney again made demand, this time upon the attorneys for the appellant, for the policy limits. This demand was rejected by Allstate Insurance Company in a letter signed by one Brian Chikamoto, Senior Claims Representative.

The City and County of Honolulu had been joined as a defendant in the action and had settled the claim against it, pursuant to a joint tortfeasor release, for the sum of $30,000. As a result of the settlement, the City and County of Honolulu was not represented at the trial. At the close of all of the evidence, the appellees moved for a directed verdict, on the issue of liability, in favor of the City and County of Honolulu. Appellant contended that there was evidence sufficient to submit the issue of the City's liability to the jury. The court, after argument, granted the motion.

The jury returned a special verdict finding appellant negligent, that her negligence was a proximate cause of the accident, and affixing her responsibility at 80%. The jury found the decedent to be negligent, her negligence to be a proximate of the accident, and affixed her responsibility at 20%. The jury awarded $7,315.52 to appellee Gary Wiegand, the decedent's father as Special Administrator for the estate of the decedent; general damages of $200,000 for the estate of the decedent; $200,000 for the plaintiff's mother; and $150,000 for the plaintiff's father. The total award was $557,315.52, but in the judgment, each award was reduced by 20% so that the total judgment became $445,852.42.

The appellees moved for an award of prejudgment interest based upon HRS § 636-16. Appellant moved for a new trial or, in the alternative, for an order amending or altering the judgment. The grounds for this motion were: (1) the alleged misconduct of appellees' counsel in mentioning Allstate Insurance Company while cross-examining appellant's sister was prejudicial; (2) the court below committed error in granting the motion for a directed verdict in favor of the City and County of Honolulu because there was evidence on which the issue of its liability should have been submitted to the jury; and (3) the award of $200,000 to the estate of the decedent was excessive.

Appellant's motion was denied but appellees' motion for the assessment of prejudgment interest was granted in part, with interest to begin on March 17, 1980, the date of the insurance company's rejection of the appellees' second demand for the policy limits of $25,000. The orders with respect to the two motions as well as the order fixing costs were all entered on March 18, 1985. On April 17, 1985, the circuit court granted an ex parte order extending the time to file a notice of appeal to and including May 16, 1985. On April 26, appellees filed a motion to set aside the order granting the extension of time. On May 15, the notice of appeal was filed.

Appellees raise a threshold contention that the notice of appeal was filed too late because the trial court, in extending the time for filing the notice, abused its discretion. They argue that good cause or neglect, as a basis for the extension, was not shown in the moving papers. To this there are two dispositive answers. The first is that no abuse of discretion on the part of the trial court has been shown, and the second is that appellees have not noted a cross-appeal. We turn therefore to the merits of the appeal.

Appellant contends that under HRCP Rule 50, the appellees had no standing to make a motion for a directed verdict in favor of the City and County of Honolulu. On an examination of the record, we do not find that this contention was raised by the appellant, either at the time the motion was made or when she filed her motion for a new trial with a supporting memorandum. Even if we were to agree with appellant's position, it would be unfair to both the court and the appellees to grant a new trial at this point in time based on a contention not made when the motion was under consideration by the trial judge.

The language of HRCP 50 does not support appellant's contention. Moreover, in the context of this case, it would be bad policy to adopt appellant's contention. What we are dealing with here is what has sometimes been called an "empty chair" situation. See Miller, *Filling the Empty Chair, Some Thoughts about Sugue,* 15 Haw. Bar J. 69, 70 (1980). In *Espaniola v. Cawdrey Mars Joint Venture,* 68 Haw. ___, 707 P.2d 365 (1985), we quoted, with approval, the language from 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1442, at 203 (1971):

When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the

presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. . . .

*Id.* at 181, 707 P.2d at 372. If, at the close of the evidence, there is no basis upon which the jury can find liability with respect to a party who is not represented at the trial, it certainly is within the inherent power of the court to take the issue of that party's liability away from the jury. The fact that one of the parties raises the matter with the court should not be a basis for a new trial.

As for appellant's contention that there was sufficient evidence for the issue of the City's liability to go to the jury, we agree with the trial court, which expressly noted that, in the circumstances of this case, there was no basis for holding that any negligence on the part of the City and County was a proximate cause in the accident.

Appellant's contention here is that the decedent went into Kailua Road at or near a crosswalk, the markings of which had been permitted to become so faded, as to be virtually invisible to an approaching motorist. But appellant testified that it was absolutely clear in her own mind, at the time of the accident, that there was crosswalk at the intersection of Aoloa Street and Kailua Road and that on many previous occasions she had stopped there for children crossing the road. Moreover, from at least 200 feet before the point of impact, she had the decedent in view, walking along the sidewalk with two other little girls. Given that testimony, there was nothing in the record to suggest that a brightly painted crosswalk would have affected appellant's conduct. Accordingly, there was no evidence of a causal connection between failing to repaint the crosswalk and the accident. The trial court did not err in granting the motion for a directed verdict.

Appellant next contends that appellees' trial counsel was guilty of prejudicial misconduct in mentioning the name of the insurance company before the jury. However, appellant's counsel did not, at the time the conduct took place, move either for a mistrial, or for a cautionary instruction. On the motion for new trial, the trial court found that one of appellant's witnesses had mentioned the insurance company, and appellant's counsel's reference thereto was based on a misunderstanding of the court's ruling on his request to cross-examine on the matter and was, furthermore, not prejudicial. The granting of a new trial is normally a discretionary matter. Appellant has not established an abuse of discretion on this point. Likewise appellant has not established an abuse of

discretion in denying the motion for a mistrial on the ground of an excessive judgment. We do not find the judgment, in the situation, to be excessive

Appellant argues that prejudgment interest cannot be assessed on nonliquidated damages, as a matter of law, under HRS § 636-16. That section states:

> In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

The legislative history of this statute contains the following.

> The purpose of this bill is to more clearly define the trial judge's descretion [sic] in awarding interest in civil cases.
>
> Your Committee understands that at the present time interest is generally awarded commencing on the day the judgment is rendered. Where the issuance of a judgment is greatly delayed for any reason, such fixed commencement date can result in substantial injustice. Allowing the trial judge to designate the commencement date will permit more equitable results. Also, it is expected that party litigants will give serious regard to this discretion on the part of the trial judge so that those who may have had an unfair leverage by the arbitrariness of the prior rule will arrive at the realization that recalcitrance or unwarranted delays in cases which should be more speedily resolved will not enhance their position or assure them of a favorable award.

Conf Com Rep No 67 on S.B. No. 1043, 1979 Sen. Journ at 984.

We see nothing in the statute, or its legislative history, to indicate an intention to limit, to liquidated damages only, the express discretion given the trial judges in awarding prejudgment interest on awards in tort cases.[1]

Appellant argues that the delay in coming to trial was largely the

---

[1] In this case, there was no separation, in the case of the award of general damages to the parents of the deceased child between damages already suffered and damages to be suffered in the future. Consequently, we are not called upon to determine the propriety of an award of prejudgment interests for general damages awarded for future suffering. Trial courts should, however, guard against allowing double recoveries.

fault of appellees' prior attorneys but, as the legislative history shows, the purposes of the statute were to permit more equitable results and to more speedily resolve cases.

Here, appellant's insurer, which had a maximum exposure of $25,000, was in charge of the case. Appellant had struck and killed a 10-year-old girl at or near a crosswalk. Two days after the accident, the insurer took appellant's statement in which she said that she saw the decedent some three car lengths before the point of impact, that she had told the police she was going 30 to 35 miles an hour, and had made other statements in connection with the accident which certainly indicated a substantial likelihood of her being held liable to some degree. Yet, in reply the first demand letter for policy limits, the insurance company stated flatly that it would not be making an offer of settlement in the case. Consistent with that position, it subsequently rejected two later demands for payment of the policy limits.

Acceptance of any of the three offers to settle for the policy limits of $25,000 would certainly have more speedily resolved the case.

The trial judge, although he had the power to fix the date of the accident as the date for commencement of interest, instead selected the date of the reply to the second demand letter, some 5½ months after the accident, as an appropriate time to commence prejudgment interest, based on what the insurance company knew or should have known about appellant's exposure to a finding of liability by that point in time. Appellant has shown no abuse of discretion in fixing that date for the commencement of interest.

Appellees concede that the award should have been reduced by the $30,000 which the City had paid in settlement of the case. The concession is correct because, under the provisions of HRS § 683-14, even though the City was ultimately held not to be liable, only one full recovery of awardable damages is contemplated. The judgment is reversed in part and remanded for the entry of a judgment proportionately reducing each of the four awards so as to total a reduction of $30,000, with a corresponding proportional reduction of the prejudgment interest awarded. Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.

*Jeffrey S. Portnoy* (*William J. Wynhoff* with him on the briefs; *Cades Schutte Fleming & Wright* of counsel) for appellant.

*Jan M. Weinberg* (*Roy J. Bell, III,* and *Ashley K. Fenton* with him on the brief; *Weinberg & Bell* of counsel) for appellees.