MARVELENE CRAWFORD, as Guardian Ad Litem for GLYNN ECKLAND CRAWFORD, JR., CHARLES B. CRAWFORD, and KAINOALANI B. CRAWFORD, Plaintiffs-Appellants, *v.* VHONDA LEHUA POST CRAWFORD, Defendant-Appellee

NO. 12029

(CIVIL NO. 85-3774)

NOVEMBER 6, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

The facts of this case are undisputed. The sole legal question we face on this appeal is whether Plaintiffs-Appellants' wrongful death claim is barred by the applicable statute of limitations found in the Hawaii Revised Statutes (hereinafter "HRS"). Answering this question in the negative, we reverse the trial court's order granting Defendant-Appellee's motion for summary judgment and remand for further proceedings consistent with this opinion.

I.

On October 7, 1977, Glynn E. L. Crawford (hereinafter "Decedent") was killed in a single-car accident while riding as a passenger in a van driven by Defendant-Appellee Vhonda Lehua Post Crawford (hereinafter "Appellee"). Decedent was unmarried and was survived by three minor children, Plaintiffs-Appellants Glynn E. L. Crawford, Jr., age 9; Charles B. Crawford, age 8; and Kainoalani B. Crawford, age 6.[1] On December 20, 1977, their mother, Plaintiff-Appellant Marvelene Crawford, was appointed guardian *ad litem* with respect to their property. *In re Crawford,* G. No. 1098 (Haw. lst Cir. Dec. 20, 1977) (order appointing guardian).

On June 6, 1978, Decedent's mother, Gertrude Crawford, petitioned the First Circuit Court to be appointed the legal representative of the Decedent's estate and to receive no-fault insurance benefits pursuant to HRS § 294-4(1)(B). On June 29, 1978, the court granted her petition and appointed her, as Decedent's legal representative, to receive no-fault benefits. *In re Crawford,* S.P. No. 4620 (Haw. lst Cir. June 29, 1978). On August 17, 1978, she received no-fault benefits, and, pursuant to court order, subsequently paid Decedent's outstanding medical expenses and dis-

---

[1] Glynn E. L. Crawford, Jr. was born on June 9, 1968; Charles B. Crawford was born on June 26, 1969; and Kainoalani B. Crawford was born on February 5, 1971.

bursed the remainder to the Chief Clerk of the First Circuit Court for deposit into an account for the Decedent's surviving children.

On October 2, 1985, Plaintiff-Appellant Marvelene Crawford filed the instant action on behalf of the three children (hereinafter collectively "Appellants"). Appellants' amended complaint, filed October 17, 1985, alleged that "[a]s a direct and proximate result of the gross negligence of the defendant, the plaintiffs have been deprived of parental care, training, guidance, education and support of their father Glenn [sic] Eckland Crawford, Sr." On October 27, 1986, Appellee filed a Motion for Summary Judgment on the theory that Appellants' action was barred by the no-fault statute of limitations contained in HRS § 294-36(b)(2). On February 20, 1987, the trial court granted the motion and the Appellants filed this timely appeal.

## II.

Under Rule 56(c) of the Hawaii Rules of Civil Procedure, summary judgment is proper only when there is no genuine issue as to any material fact and the moving party clearly demonstrates that he should prevail as a matter of law. *Bidar v. Amfac, Inc.*, 66 Haw. 547, 553, 669 P.2d 154, 159 (1983).

The basic issue is whether Appellants' wrongful death action is barred by the statute of limitations. Accordingly, the threshold determination we face is which statute of limitations governs the present case. Although Appellee concedes that this is a wrongful death action, she nevertheless contends that the statute of limitations codified in Hawaii's No-Fault Law, HRS chapter 294,[2] is controlling. We disagree.

---

[2] Hawaii's No-Fault Law provides, in relevant part, that:

*Statute of limitations.*

. . . . .

(b) No suit arising out of a motor vehicle accident shall be brought in tort more than:

    (1) Two years after the date of the motor vehicle accident upon which the claim is based; or

    (2) Two years after the date of the last payment of no-fault or optional additional benefits . . . .

HRS § 294-36(b) (1985).

## A.

The primary duty in interpreting and applying statutes is to ascertain the intention of the legislature and to implement that intention to the fullest degree. *Peters v. Weatherwax,* 69 Haw. ____, ____, 731 P.2d 157, 162 (1987); *Boulton v. Boulton,* 69 Haw. ____, ____, 730 P.2d 338, 339 (1986); *Gakiya v. Hallmark Properties, Inc.,* 68 Haw. ____, ____, 722 P.2d 460, 463 (1986).

The explicit purpose of Hawaii's No-Fault Law is "to create a system of reparations for accidental harm and loss arising from motor vehicle accidents, to compensate these damages without regard to fault, and to limit tort liability for these accidents." HRS § 294-1(a) (1985).[3] HRS § 294-6(a) sets forth the limitation on tort liability, which is the bedrock of Hawaii's No-Fault Law. *Doi v. Hawaiian Insurance & Guaranty Co.,* 6 Haw. App. ____, ____, 727 P.2d 884, 888 (1986). However, HRS § 294-6(a)(1) expressly excludes certain types of tort actions, including death, from the abolition of tort liability.[4] We do not believe that the legislature, in

___

[3] The conference committee report stated the five goals underlying the no-fault law:

(1) Provide for a speedy, adequate and equitable reparation for those injured or otherwise victimized;
(2) Provide for the stabilization and reduction of motor vehicle liability insurance premium rates;
(3) Provide for insurance coverage for all who require it, at a cost within the reach of every licensed driver;
(4) Provide for a compulsory insurance system;
(5) Provide for adequate regulatory control . . . .

Hse. Conf. Comm. Rep. No. 13, in 1973 House Journal, at 1219. *See generally* Note, *Rana v. Bishop Insurance of Hawaii, Inc.,: The Death of Basic No-Fault Stacking in Hawaii,* 9 U. Haw. L. Rev. 321, 323-24 (1987); Note, *In re Maldonado: The Stacking of No-Fault Benefits on Workers' Compensation Benefits for the Same Loss,* 8 U. Haw. L. Rev. 619, 622-23 (1986).

[4] Hawaii's No-Fault Law provides, in relevant part, that:

*Abolition of tort liability.* (a) Tort liability of the owner, operator, or user of an insured motor vehicle, or the operator or user of an uninsured motor vehicle who operates or uses such vehicle without reason to believe it to be an uninsured motor vehicle, with respect to accidental harm arising from motor vehicle accidents occurring in this State, is abolished, *except* as to the following persons or their personal representatives, or legal guardians, and in the following circumstances:

(1) *Death occurs to such person in such a motor vehicle accident* . . . .

HRS § 294-6(a) (1985) (emphasis added).

enacting the no-fault law, intended to supercede the statutory cause of action contained in Hawaii's wrongful death statute, HRS § 663-3.[5] *Cf. Doi,* 6 Haw. App. at ____, 727 P.2d at 889-91 (no-fault statute was not intended to abolish common law claim for loss of consortium).

The no-fault statute does not create an independent tort cause of action for motor vehicle related injuries, it merely provides an alternative scheme of expedited reparations for certain types of economic loss, including earnings loss, medical expenses, and rehabilitative expenses. *See* HRS § 294-2(10) (1985). In contrast, HRS § 663-3 permits compensation of Decedent's survivors for economic loss and deprivation of love, affection and companionship. *Hun v. Center Properties,* 63 Haw. 273, 279, 626 P.2d 182, 187 (1981). Absent legislative history to the contrary, we conclude that the legislature did not intend that the no-fault law apply to Appellants' wrongful death claim.[6]

---

[5] In its entirety, Hawaii's Wrongful Death Statute provides:

*Death by wrongful act.* When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or any of the persons hereinafter enumerated, may maintain an action against the person causing the death or against the person responsible for the death. The action shall be maintained on behalf of the persons hereinafter enumerated, except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.

In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including (1) loss of society, companionship, comfort, consortium, or protection, (2) loss of marital care, attention, advice, or counsel, (3) loss of filial care or attention, or (4) loss of parental care, training, guidance, or education, suffered as a result of the death of the person by the surviving spouse, children, father, mother, and by any person wholly or partly dependent upon the deceased person. The jury or court sitting without jury shall allocate the damages to the persons entitled thereto in its verdict or judgment, and any damages recovered under this section, except for reasonable expenses of last illness and burial, shall not constitute a part of the estate of the deceased. *Any action brought under this section shall be commenced within two years from the date of death of the injured person, except as otherwise provided.*

HRS § 663-3 (1985) (emphasis added).

[6] We further note that the wrongful death statute was designed to allow "fair and just" compensation for the "persons entitled thereto." *Hun,* 63 Haw. at 279-80, 626 P.2d at 187. In comparison, the no-fault scheme was designed to provide "adequate and equitable" reparations for injured claimants. *See Rana v. Bishop Insurance of Hawaii, Inc.,* 6 Haw. App. ____, ____, 713 P.2d 1363, 1368, *aff'd,* 68 Haw. ____, 713 P.2d 1363 (1985).

## B.

In *Hun,* 63 Haw. at 276, 626 P.2d at 185 (1981), we reaffirmed the standard governing our determination of the relevant limitations period in a given case: "the relevant limitations period is determined from the nature of the claim or right based on the allegations contained in the pleadings." *Id.; Au v. Au,* 63 Haw. 210, 214, 626 P.2d 173, 177, *partial reconsideration denied,* 63 Haw. 263, 626 P.2d 181 (1981).

In this case, Appellants alleged that they were deprived of parental care, training, guidance, education and support of their father. "These allegations were precisely what the wrongful death cause of action entails. The nature of the claim in this instance is recovery for the wrongful death of [Glynn E. L. Crawford]." *Hun,* 63 Haw. at 279, 626 P.2d at 186.

There are two further principles of construction which favor the application of the limitations period in HRS § 663-3 over HRS § 294-36. First, "courts will apply the longer limitations period when there is doubt as to which statute applies." *Au,* 63 Haw. at 264, 626 P.2d at 182 (per curiam). Second, "[w]henever possible, the court should apply the state limitations period governing actions founded on a liability created by statute." *Bill's Crane Service, Inc. v. Quisenberry,* 545 F. Supp. 359, 361 (D. Haw. 1982). As will be discussed *infra,* application of HRS § 663-3 yields the longer limitations period in this case. Moreover, the limitations period in § 663-3 "specifically" applies to actions brought under that section. *Cf. Bill's Crane Service, Inc.,* 545 F. Supp. at 361.

We are constrained to point out that Appellants did not seek no-fault insurance benefits in their complaint; their claim is for the wrongful death of their father.[7] We therefore hold that HRS

---

[7] Appellee directs our attention to *Wiegand v. Allstate Insurance Cos.,* 68 Haw. ___, 706 P.2d 16 (1985) and *Joshua v. MTL, Inc.,* 65 Haw. 623, 656 P.2d 736 (1982) in support of the applicability of HRS § 294-36 to the present case. Neither of these two cases is on point.

In *Wiegand v. Allstate Insurance Cos.,* the petitioner sought arbitration of his claim for earnings loss benefits *under his no-fault insurance policy* for the death of his daughter. We appropriately held that HRS § 294-36 was applicable to the dispute. In contrast, Appellants in the present case seek wrongful death damages as opposed to no-fault benefits. *Wiegand v. Allstate Insurance Cos.* is therefore inapposite to the present case. *Compare Wiegand v. Allstate Insurance Cos.,* 68 Haw. ___, 706 P.2d 16

§ 663-3 is the applicable statute of limitations in the instant case.[8] *See Hun,* 63 Haw. at 279, 626 P.2d at 186.

### III.

Having determined that HRS § 663-3 is the controlling statute of limitations in this case, we now turn to the issue of whether the limitations period is tolled by the infancy of Appellants. In *Hun v. Center Properties,* we held that the general infancy tolling provision in HRS § 657-13[9] was applicable to the wrongful death statute of limitations in HRS § 663-3. *Hun,* 63 Haw. at 280-84, 626 P.2d at 187-90. We find the *Hun* rationale to be dispositive in the present case.

In *Hun,* after noting the split in authority in this issue, we discerned a trend of cases that applied infancy tolling provisions where the limitations period affected the remedy and not the right of action. *Id.* at 280-81, 626 P.2d at 187-88. We concluded that "the two-year limitations period in HRS § 663-3 merely affects the remedy, not the right of action." *Id.* at 281, 626 P.2d at 188.

We next turned to the legislative intent underlying HRS § 663-3. Focusing on the phrase "except as otherwise provided," we discerned a legislative purpose, in the 1972 amendment adding the phrase, to allow the "possible application" of HRS § 657-13. *Hun,*

---

(1985) *with Wiegand v. Colbert,* 68 Haw. ____, 718 P.2d 1080 (1986).

Similarly, *Joshua v. MTL, Inc.* involved a complaint for personal injuries as opposed to wrongful death.

[8] It is therefore unnecessary for us to consider Appellants' contention that HRS § 294-36 violates the Equal Protection clauses of the United States and Hawaii Constitutions.

[9] The statute provides, in relevant part, that:

*Infancy, insanity, imprisonment.* If any person entitled to bring any action specified in this part . . . is, at the time the cause of action accrued, either:
(1) Within the age of eighteen years

. . .

such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

HRS § 657-13 (1985).

63 Haw. at 281-83, 626 P.2d at 188-89.[10] Finally, we "agree[d] that it is the role of the courts to protect the interests of minors who become parties to litigation. Such a policy is in the best interest of the child and the state." *Id.* at 283, 626 P.2d at 189 (citations omitted).

Accordingly, we hold that the two-year limitations period for each of the Appellants' wrongful death claims begins to run upon each child's eighteenth birthday. *See Hun,* 63 Haw. at 283-84, 626 P.2d at 189-90; *Jones v. State,* 58 Haw. 101, 102, 564 P.2d 1276, 1277 (1977) (per curiam). Given that the complaint was timely filed, the trial court committed error in granting Appellee's motion for summary judgment. We therefore reverse the judgment and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

*Clayton C. Ikei,* for Plaintiffs-Appellants.

*Harvey E. Henderson, Jr. (Paul A. L'Ecuyer* and *Arnold Hobson, Jr.,* with him on the brief; *Lee, Henderson, Chipchase & Wong,* of counsel), for Defendant-Appellee.

WAKATSUKI, J. CONCURRING IN THE JUDGMENT

I reach the same result as the majority but based on different reasoning.

The majority's position that the general wrongful death limitation period of HRS § 663-3 applies suggests by analogy that in an action seeking compensation for auto-related *personal injury* the

---

[10] In *Hun,* we reasoned that:

The wrongful death statute was amended to include the language "except as otherwise provided." S.L.H. 1972, c. 144, § 2(c). This amendment was made on the recommendations proposed by the Committee on Coordination of Rules and Statutes. The committee reporter's notes show that the amendment of the statute was in recognition of the "possible applicability of other sections." HRS § 657-13 would be within the meaning of the amendment.

*Hun,* 63 Haw. at 282, 626 P.2d at 188.

The underlying accident in *Hun* occurred prior to the 1972 amendment to the wrongful death statute. Therefore, we retrospectively applied the amendment to the facts of that case. *Hun,* 63 Haw. at 282, 626 P.2d at 188. *See also Roe v. Doe,* 59 Haw. 259, 581 P.2d 310 (1978). Because the Crawfords' accident occurred in 1977, such retrospective application is unnecessary in the present case.

general personal injury tort limitation period, § 657-7, should apply. In *Joshua v. MTL, Inc.*, 65 Haw. 623, 656 P.2d 736 (1982), however, this court applied § 294-36(b) to just such a case. The majority attempts to distinguish wrongful death claims from personal injury claims. I see no valid reason why the two situations should be treated any differently with respect to the application of the limitation period provided in Chapter 294.

I would hold that HRS § 294-36(b) governs this case. Section 294-36(b) applies to any "suit arising out of a motor vehicle accident . . . brought in tort." Appellant's claim of wrongful death does not alter the fact that the tort action arose out of a motor vehicle accident. Chapter 294 creates a system of reparations for accidental harm and loss arising from *motor vehicle accidents, see* HRS § 294-1(a), and sets forth limitation periods to cover no-fault claims, HRS § 294-36(a), and certain residual tort actions, HRS § 294-36(b).

The plain language of HRS § 294-36(b), however, does not allow for tolling. Unlike the situation in *Hun v. Center Properties*, 63 Haw. 273, 626 P.2d 182 (1981), HRS § 294-36(b) does not contain the words, "except as otherwise provided," and thus tolling cannot be incorporated as provided in HRS § 657-13.

Under HRS § 294-36(b), minor children of parents killed in automobile accidents do not receive the benefits of tolling while minor children of parents killed in non-automobile accidents receive the benefits of tolling under 657-13. I find no rational basis for the disparate treatment. Although the no-fault law intended an efficient and less costly system of resolving claims arising from motor vehicle accidents, there is nothing in the legislative history to suggest that elimination of tolling the limitation period as afforded to minors under § 657-13 for residual tort claims was intended as a mean to expedite the resolution of such claims.

I would hold, therefore, that the limitation period under HRS § 294-36(b) when applied to those who are minors at the time of the accident is unconstitutional as being violative of the equal protection clauses[1] of the Constitutions of the United States and Hawaii. In view of this holding, HRS § 663-3 and HRS § 657-13 become applicable to this case. See *Hun.*

---

[1]Fourteenth amendment to the U.S. Constitution. Article I, secton 5 of the Hawaii Constitution.