
ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff,

v.

Clayton WOLCOTT, Defendant.

Civ. No. 93–00321 HMF.

United States District Court, D. Hawaii.

March 23, 1994.

Richard B. Miller, Lisa M. Ginoza, McCorriston, Miho, Miller & Mukai, Honolulu, HI, for plaintiff.

Ian L. Mattoch, William Copulos, Law Offices of Ian Mattoch, Honolulu, HI, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FONG, District Judge.

### INTRODUCTION

On March 17, 1994 the court heard cross motions for summary judgment. On November 24, 1994 defendant Clayton Wolcott ("Wolcott") filed a motion for summary judgment. On December 20, 1994 defendant Allstate Insurance Company ("Allstate") filed a cross motion for summary judgment. On March 4, 1994 defendant filed a reply to plaintiff's cross motion.

### BACKGROUND

This case involves a claim for underinsured motorist ("UIM") benefits by Wolcott under an Allstate policy issued to defendant's mother, Louise P. Wolcott.

The parties have stipulated to the following facts:

1. The accident for which Wolcott seeks UIM benefits from plaintiff occurred May 17, 1986.

2. On the date of the accident, Wolcott resided with his mother, Louise P. Wolcott.

3. On the date of the accident, Allstate Policy No. 007242715 issued to Louise P. Wolcott was in force and provided UIM coverage for two autos in the amount of $35,000 each.

4. At the time of the accident, Wolcott was a passenger in a 1982 Honda owned and being operated by Daniel Gomez.

5. The 1982 Honda was the only vehicle in the accident.

6. At the time of the accident, the 1982 Honda was insured under a policy issued to

Daniel Gomez by Island Insurance Company, which provided bodily injury ("BI") and no-fault coverage.

7. In August 1987, Wolcott settled his tort claim against Gomez for the $35,000 BI limit provided under the Island Insurance Company policy. This settlement is reflected in the Release and Indemnification Agreement dated August 1987 between Wolcott (as "releasor") and Daniel Gomez and Island Insurance Company (as "releasee").

8. The last no-fault payment Wolcott received under the Island Insurance Company policy was issued on July 31, 1988.

9. The first time Wolcott asserted a claim for UIM benefits against Allstate was by way of a letter dated July 2, 1992. *See* Stipulation of Facts, *Allstate Insurance Co. vs. Clayton Wolcott*, Civ. No. 93–00321 (Dec. 6, 1993) (Plaintiff's Exhibit A).

In this action, the parties seek to have this court determine the applicable statute of limitations for claims made against UIM coverage to ascertain whether or not Wolcott is entitled to UIM benefits under the Allstate policy. Wolcott asserts that the appropriate statute of limitations is the six year statute of limitations applicable to contract actions under Haw.Rev.Stat. § 657–1 since defendant's claims arise from an insurance contract. Allstate asserts that the applicable statute of limitations is the two year statute of limitations in Haw.Rev.Stat. § 294–36 applicable to no fault and additional coverage insurance benefits. There is no Hawaii law directly on point. Since there are no facts in dispute, the issue is ripe for disposition as a matter of law on a motion for summary judgment.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of

the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). The movant need not advance affidavits or similar materials to negate the existence of an issue on which the opposing party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553.

If the moving party meets its burden, then the opposing party must come forward with "specific facts showing that there is a genuine issue for trial" in order to defeat the motion. Fed.R.Civ.P. 56(e); *T.W. Elec.*, 809 F.2d at 630. The opposing party cannot stand on the pleadings nor simply assert that it will discredit the movant's evidence at trial. *Id.* "If the factual context makes the [opposing] party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Cal. Arch. Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

The standard for summary judgment reflects the standard governing a directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). When there is a genuine issue of material fact, "the judge must assume the truth of the evidence set forth by the [opposing] party with respect to that fact." *T.W. Elec.*, 809 F.2d at 631. Inferences from the facts must be drawn in the light most favorable to the non-moving party. *Id.*

## DISCUSSION

As a threshold matter, the court must determine the applicable statute of limitations. Wolcott urges this court to adopt the statute of limitations delineated in Haw.Rev. Stat. § 657–1 applicable to general contract actions. Haw.Rev.Stat. § 657–1 states:

**Six Years.** The following actions shall be commenced within six years after the action accrued, and not after:

(1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by Chapter 577A;

(2) Actions upon judgments or decrees rendered in any court not of record in the State, or, subject to § 657–9, in any court of record in any foreign jurisdiction;

(3) Actions for taking or detaining any goods or chattels, including actions in the nature of replevin;

(4) Personal actions of any nature whatsoever not specifically covered by the laws of the state.

Haw.Rev.Stat. § 657–1 (1984).

By contrast, Allstate seeks to have this court apply the statute of limitations contained in Haw.Rev.Stat. § 294–36[1] which provides:

**Statute of Limitations.**

(a) No suit shall be brought on any contract providing no-fault benefits or any contract providing optional additional coverage more than:

(1) Two years from the date of the motor vehicle accident upon which the claim is based; or

(2) Two years after the last payment of no-fault or optional additional benefits; or

(3) Two years after the entry of a final order in arbitration; or

(4) Two years after the entry of a final judgment in, or dismissal with prejudice of, a tort action arising out of a motor vehicle accident, where a cause of action for insurer bad faith arises out of the tort action; whichever is the last to occur.

(b) No suit arising out of a motor vehicle accident shall be brought in tort more than:

(1) Two years after the date of the motor vehicle accident upon which the claim is based; or

(2) Two years after the date of the last payment of no-fault or optional additional benefits; or

(3) Two years after the date of the last payment of workers' compensation or public assistance benefits arising from the motor vehicle accident; whichever is the last to occur.

Haw.Rev.Stat. § 294–36 (1984).

No Hawaii court has yet addressed the specific issue whether Haw.Rev.Stat. § 294–36 or Haw.Rev.Stat. § 657–1 applies to UIM claims. Accordingly, since the court must apply substantive Hawaii law in this diversity action, the court must use its best judgment in predicting how the Hawaii Supreme Court would decide this issue. *See Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir.1980).

■ In determining the applicable statute of limitations, the court must look to the nature of the claim or right based on the allegations contained in the pleadings. *Crawford v. Crawford*, 69 Haw. 410, 415, 745 P.2d 285 (1987). Whenever possible, the court should apply the limitations period governing actions founded on a liability created by statute. *Id.* In addition, if there is any doubt as to which statute applies, the court will apply the longer limitations period. *Id.*

In the present action, the nature of the claim is insurance benefits arising out of an automobile accident. Chapter 294 entitled "Motor Vehicle Accident Reparations" governs claims such as defendant's UIM claim for benefits arising out of an automobile accident. Chapter 294 specifically provides a statute of limitations period for actions brought under that section—the two year period in Haw.Rev.Stat. § 294–36. Haw.Rev.Stat. § 294–36 is not a general tort stat-

---

1. Haw.Rev.Stat. § 294–36, in effect at the time of the accident was later amended to Haw.Rev.Stat. § 431:10C–315.

ute of limitations, but rather, a statute of limitations expressly designed to apply to insurance claims. In addition, Haw.Rev.Stat. § 294–36 specifically states that it applies to claims for "any contract providing optional additional coverage." In 1986, the year of the accident, Hawaii's statutory specifically provided that UIM coverage was an "optional additional coverage." *See* Haw.Rev.Stat. § 431–448(b) [2]. Accordingly, by its express terms the two year statute of limitations period in Haw.Rev.Stat. § 294–36 applies to UIM claims.

This conclusion is buttressed by Hawaii Supreme Court decisions that have held the two year limitations period provided in Haw. Rev.Stat. § 294–36 applicable to claims for other first party insurance benefits arising out of automobile accidents. In *Wiegand v. Allstate Insurance Cos.,* 68 Haw. 117, 706 P.2d 16 (1985), the Hawaii Supreme Court held that the two year statute of limitations period provided in Haw.Rev.Stat. § 294–36 as opposed to the six year period provided in Haw.Rev.Stat. § 657–1 applied to a demand to arbitrate no-fault claims pursuant to the terms of an insurance contract. *See also Cochran v. Pflueger Automobiles, Inc.,* 72 Haw. 460, 821 P.2d 934 (1991) (two year statute of limitations in Haw.Rev.Stat. § 294–36 applicable to public assistance benefits for injuries arising out of an automobile accident).

Defendant's assertion that application of the two year statute of limitations is "logically unsound" is without merit. Defendant claims that since the Allstate policy at issue allows for payment of UIM benefits only after the exhaustion of BI coverage, there exists a hypothetical set of facts where an insured would not have exhausted BI coverage more than two years after the date of all

the events in Haw.Rev.Stat. § 294–36 thus precluding recovery under the two year statute of limitations [3]. This reasoning confuses the requirements for an insured to make a claim with the requirements for an insurer to pay the claim. When an insurer will pay the claim under the policy is irrelevant to when the insured can make a claim. To toll the two-year statute of limitations, the insured need only claim UIM benefits. There is nothing to prevent an injured party from doing so immediately upon being involved in an accident or immediately following the occurrence of any of the other trigger dates in Haw.Rev.Stat. § 294–36. Accordingly, the court will apply the two year statute of limitations in Haw.Rev.Stat. § 294–36 to the present action.

■ Haw.Rev.Stat. § 294–36 provides that the two-year statute of limitations will begin to run from the latter of four dates: (1) the date of the accident; (2) the date of the last payment of no-fault or optional additional benefits; (3) the date of entry of a final order of arbitration; (4) the date of entry of a final judgment in, or dismissal with prejudice of, a tort action where a cause of action is insurer bad faith. Subsections (a)(3) and (a)(4) are inapplicable under the facts of the present case. The date of the accident was May 17, 1986. This is prior to the date of the last payment of no-fault benefits—July 31, 1988. Accordingly the two year statute of limitations began to run on July 31, 1988, the date of the last payment of no-fault benefits.

Defendant did not assert his UIM claim until July 2, 1992—three years and eleven months after the trigger date of the last no-fault payment. As a result, defendant's UIM claim is time barred by the two year statute of limitations provided by Haw.Rev.Stat. § 294–36. Accordingly, the court GRANTS

---

**2.** Haw.Rev.Stat. § 431–448(b) states:
  (b) Each insurer shall offer to each policyholder or applicant for a motor vehicle liability policy optional additional coverage for loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from owners or operators of underinsured motor vehicles.
  Haw.Rev.Stat. § 431–448 (1985).

**3.** Defendant's hypothetical reads as follows: plaintiff is injured in an accident on January 1,

1990; he exhausts no fault benefits on March 1, 1990. He files a tort suit on March 2, 1990. The tort suit is scheduled for trial on September 2, 1992. On September 1, 1992 the tort claim is settled and the plaintiff finally makes a demand for UIM benefits. Under this set of facts, the UIM claim is barred by the two-year statute of limitations in Haw.Rev.Stat. § 294–36 because the UIM claim is made more than two years after the four trigger events listed.

plaintiff's motion for summary judgment and Wolcott is time barred from asserting a claim for UIM benefits against Allstate.

## CONCLUSION

For the reasons given, the court GRANTS plaintiff's motion for summary judgment and DENIES defendant's motion for summary judgment.

IT IS SO ORDERED.