42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl DePONTE, Plaintiff-Appellant,
v.
Kenneth KAMADA, Defendant-Appellee.
 No. 93-15866.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 17, 1994.
 
 Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 DePonte argues that Kamada did not prove that he was entitled to the Hawaii shield against tort liability because he offered no proof that he was insured. There was no evidence either way. Parker v. Nakaoka, 722 P.2d 1028 (Haw.1986), generally places the burden of proof on the plaintiff, to show that his case is excepted from the bar against tort liability. Parker does not necessarily control because both the facts and part of the rationale could arguably be distinguished. Nevertheless, a broader rather than a narrower reading of Parker commends itself to us as the most likely construction of Hawaii law. A broader reading, generally shifting the burden to the plaintiff to prove anything that would remove the bar against tort liability, is more consistent with the manner in which Hawaii's highest court has been construing the statute. See Crawford v. Crawford, 745 P.2d 285 (Haw.1987).
 
 
 3
 We think Hawaii would impose the burden of proof on the party seeking to prove the absence of insurance because that condition is unlikely. Probably Hawaii would not require proof of a proposition likely to be true in almost all cases because presentation of such evidence would generally be a waste of time. No motor vehicle can be operated on a public street in Hawaii unless the vehicle "is insured at all times under a no-fault policy." Haw.Rev.Stat. Sec. 431:10C-104(a). That legal requirement makes it unlikely that a car involved in an accident will be uninsured. Hawaii treats a vehicle covered by a no-fault policy as an "[i]nsured motor vehicle." See Haw.Rev.Stat. Sec. 431:10C-103(4)(A). Therefore, the normal course of things is that a driver who hits someone has no-fault insurance and is exempt from tort liability, absent one of the express statutory exceptions. The plaintiff needs to prove that things are out of the ordinary by demonstrating that the defendant had no insurance, in order to escape the statutory bar against tort liability. Accordingly, the plaintiff bears the burden of proof. In this case, the plaintiff knew the defendant was insured. His lawyer said so at side-bar during closing argument. Because DePonte offered no evidence that Kamada was uninsured, DePonte did not prove an exception to the bar.
 
 
 4
 DePonte's next argument is that the magistrate judge abused his discretion in excluding the medical bills which would have put DePonte over the threshold for tort liability. See Haw.Rev.Stat. Sec. 431:10C-306(b)(2). The magistrate judge gave exceedingly careful attention to this issue. After voir dire and reconsideration of his original, tentative ruling, he allowed in all the bills for the period when Dr. Ehrlich was treating DePonte but excluded the others for lack of foundation. He ruled that as to "the remaining bills for health care providers who provided care in this matter prior to Dr. Ehrlich's involvement in this case, there has been an inadequate foundation laid for the admissibility of those records so that I am not going to receive those bills in evidence...." We have reviewed the testimony. The bills were for services outside of Dr. Ehrlich's field, naturopathy, and were for medical services rendered when he had no contact with the case. The exclusion of the evidence for lack of foundation was not an abuse of discretion. See McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.1992). The statutory presumption of reasonableness, see Haw.Rev.Stat. Sec. 431:10C-306(b)(2), cannot operate until evidence of the bills is properly introduced.
 
 
 5
 The judge did not abuse his discretion in failing to give a curative instruction during defense counsel's closing argument. See Jenkins v. Union Pac. R.R. Co., 22 F.3d 206, 210 (9th Cir.1994). Kamada's lawyer did not tell the jury in so many words that Kamada would have to pay the judgment. He said "[i]f you award plaintiff anything for his wage loss or those medical expenses, then Kenneth Kamada has a judgment against him in that amount." That was true. Arguably the jury was invited to infer that Kamada rather than his insurance company would have to pay the judgment. DePonte's lawyer saw this as opening the door and said, "I want to be able to say that this guy has insurance." That would invite the jury to abandon any sympathy it might have for Kamada and to treat an award for DePonte as not costing any human being any money directly. The judge would not allow that, admonished Kamada's lawyer to leave the issue alone and not go over it anymore, and refused DePonte's lawyer's request that he instruct the jury that "any judgment against Mr. Kamada is of no concern to you at this point." The cure proposed was obviously worse than the disease. In the twenty pages of Kamada's lawyer's closing argument, he marshalled the evidence for the proposition that DePonte had recovered from his injury, so his damages claim was excessive. He did not make any appeal for sympathy for Kamada, outside the paragraph in which the quoted sentence was expressed. Kamada's lawyer's remark, if it was wrong, was not a wrong which "so permeated the trial as to lead to the conclusion [that] the jury was necessarily influenced by passion and prejudice in reaching its verdict." Cooper v. Firestone Tire and Rubber Co., 945 F.2d 1103, 1107 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3