917 P.2d 730

**Ray BALDONADO, Claimant–Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Respondent–Appellee.**

Nos. 16546, 16509.

Intermediate Court of Appeals of Hawai'i.

May 23, 1996.

Erlinda Dominguez, Richard M. Berger, Thomas E. Walsh and Paul M. Dold (Law Offices of Erlinda Dominguez, of counsel), on the briefs, Honolulu, for claimant-appellant.

Kathy K. Higham (Harvey E. Henderson, Jr. and Michael H. Tsuchida, Tom & O'Connor, of counsel, on the brief), Honolulu, for respondent-appellee.

Before BURNS, C.J., ACOBA, J., and MICHAEL A. TOWN, Circuit Judge in Place of KIRIMITSU, J., Recused.

BURNS, Chief Judge.

This case arises out of an uninsured motorist coverage claim. Claimant Ray Baldonado (Baldonado) appeals the following three orders entered by the First Circuit Court: (1) the August 7, 1992 Order Denying Claimant Ray Baldonado's Motion for an Order Remanding this Matter to the Arbitrator Filed May 12, 1992 (August 7, 1992 Order Denying Remand); (2) the September 2, 1992 Order Denying Claimant Ray Baldonado's Motion for Reconsideration, or in the Alternative to Alter or Amend a Judgment Filed August 17, 1992 (September 2, 1992 Order Denying Reconsideration); and (3) the October 6, 1992 Order Granting Respondent Liberty Mutual Insurance Company's Motion to Vacate Arbitrator's Supplemental Decision Filed on June 29, 1992 (October 6, 1992 Order Vacating). We affirm.

I.

Baldonado, a high school student, was injured on March 4, 1988 when he was shot in the left elbow by an assailant seated in the right front passenger seat of a motor vehicle driven by Reynaldo Patricio (Patricio). Since Patricio's motor vehicle was uninsured, Baldonado filed a claim seeking damages under his parents' uninsured motorist coverage with insurance carrier Respondent Liberty Mutual Insurance Company (Liberty Mutual).

Liberty Mutual denied coverage. The insurance policy (Insurance Policy) which Liberty Mutual issued to Baldonado states in relevant part as follows:

ARBITRATION

If we and a **covered person** do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree

within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **covered person** is legally entitled to recover damages; and

2. The amount of damages[.]

Liberty Mutual does not contend that the Insurance Policy provision, requiring each party to "[p]ay the expenses it incurs" when there is an arbitration, requires Baldonado to pay his own attorney fees and costs. Therefore, we will assume that the Insurance Policy is silent on the matter of attorney fees and costs.

The parties submitted the matter to arbitration. Their June 26, 1990 Arbitration Agreement (Arbitration Agreement) provided for one arbitrator and stated that "[t]his arbitration shall be consistent with Chapter 658 of the Hawaii Revised Statutes." The Arbitration Agreement provides for the arbitrator's costs and fees but is silent on the issues of attorney fees and costs.

Hawai'i Revised Statutes (HRS) § 431:10–242 (1993) states as follows:

**Policyholder and other suits against insurer.** Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

The arbitrator issued his October 14, 1991 decision (Arbitrator's October 14, 1991 Decision) awarding Baldonado $5,588 special damages and $12,500 general damages, a total of $18,088.

On November 4, 1991, Baldonado submitted to the arbitrator a post-hearing motion for recovery of attorney's fees and costs (November 4, 1991 Motion to Arbitrator). Baldonado sought $21,000 in attorney fees. However, on December 30, 1991, before the arbitrator decided Baldonado's November 4, 1991 Motion to Arbitrator, Baldonado filed in the circuit court Movant Ray Baldonado's Motion to Confirm Arbitration Award and for Costs, Interest and Attorneys' Fees (December 30, 1991 Motion to Confirm). Notwithstanding the title of Baldonado's December 30, 1991 Motion to Confirm, nothing in its body addressed the issues of costs, interest, and attorney fees. The circuit court heard this motion on February 4, 1992. Baldonado's counsel did not appear. Noting that the issues of costs, interest and attorney fees were not mentioned in the body of the motion or in the Arbitrator's October 14, 1991 Decision, the court confirmed the decision and denied the request for costs, interest, and attorney fees. On March 2, 1992, the circuit court entered its Order Granting Movant Ray Baldonado's Motion to Confirm Arbitration Award and Denying Motion for Costs, Interest and Attorneys' Fees Filed on December 30, 1991 (March 2, 1992 Order Confirming Arbitrator's Award and Denying Fees and Costs).[1] Soon thereafter, Liberty

---

1. In his Amended Opening Brief, Baldonado contends that the "'Attorneys' Fees and Costs' referred to in the motion to confirm was in regards to the fees and costs incurred for bringing said motion to court because of the non-payment by respondent and in no way referred to the issue of attorneys' fees and costs before the arbitrator pursuant to HRS [Hawai'i Revised Statutes] Section 431:10–242." (Emphasis in original.)

However, nothing in Baldonado's December 30, 1991 motion to confirm and its attachments limits its reference to "costs, interest, and attorneys' fees." Moreover, the sole reason Liberty Mutual, on January 31, 1992, filed its twelve-page memorandum in opposition was to oppose Baldonado's "request for costs, interests [sic] and attorneys [sic] fees because they are expressly to be borne by the Movant [Baldonado] pursuant to contract and no such statutory authority exists for such an award in a private arbitration." Liberty Mutual's memorandum expressly anticipated Baldonado's "reliance on H.R.S. § 431:10–242 as the basis for its demand for costs, interest and attorney's fees[.]" Finally, nothing in the court's March 2, 1992 Order limits the scope of its denial of costs, interest, and

Mutual paid, and Baldonado accepted, the amount of the arbitrator's award.

On May 4, 1992 Baldonado's counsel signed a Satisfaction of Arbitration Award Against Respondent Liberty Mutual. Liberty Mutual filed it on June 26, 1992.

On May 12, 1992 Baldonado filed in the circuit court, Claimant Ray Baldonado's Motion for an Order Remanding This Matter to the Arbitrator (May 12, 1992 Motion for Remand) "for the limited purpose of deciding the matter of costs and Attorney's Fees." This motion was denied by the circuit court's August 7, 1992 Order Denying Remand.

Baldonado's August 17, 1992 Motion for Reconsideration, or in the Alternative to Alter or Amend a Judgment (August 17, 1992 Motion for Reconsideration) of the August 7, 1992 Order Denying Remand was denied by the September 2, 1992 Order Denying Reconsideration. Baldonado's appeal of these orders is Appeal No. 16509.

On June 18, 1992 the arbitrator issued a supplemental decision awarding Baldonado attorney fees of $3,290. On June 29, 1992 Liberty Mutual filed Respondent Liberty Mutual Insurance Company's Motion to Vacate Arbitrator's Supplemental Decision (June 29, 1992 Motion to Vacate). The circuit court's October 6, 1992 Order Vacating granted Liberty Mutual's June 29, 1992 Motion to Vacate. Baldonado's appeal of this order is Appeal No. 16546.

On December 31, 1992 the Hawai'i Supreme Court consolidated both appeals within Appeal No. 16546.

## II.

Baldonado's sole point on appeal is that "[t]he Arbitrator's Decision is incomplete where it does not address the issue of attorneys' fees and costs." Baldonado bases this point on his May 12, 1992 Motion for Remand which argued that HRS § 431:10–242 mandates the award of attorney fees and costs and that the matter is still pending before the arbitrator.

attorney fees. Therefore, we conclude that the March 2, 1992 Order covered all costs, interest,

The question is whether the matter of the award of attorney fees and costs was pending before the arbitrator on May 12, 1992. The answer is no.

HRS chapter 658, Arbitration and Awards, states in relevant part as follows:

§ 658–1 **Agreement to submit.** A provision in a written contract to settle by arbitration a controversy thereafter arising out of the contract or the refusal to perform the whole or any part thereof, or an agreement in writing to submit an existing controversy to arbitration pursuant to section 658–2, shall be valid, enforceable, and irrevocable, save only upon such grounds as exist for the revocation of any contract.

§ 658–2 **Agreement to submit existing controversy.** Save in the case of an infant, or a person incompetent to manage the person's affairs, two or more persons may agree in writing to submit to the arbitration of one or more arbitrators any controversy existing between them at the time of the agreement to submit which arises out of a contract, or the refusal to perform the whole or any part thereof, or the violation of any other obligation. They may also so agree that a judgment of a circuit court shall be rendered upon the award made pursuant to the submission. They may also specify the judicial circuit in which the judgment shall be entered. If the writing does not specify the judicial circuit, the judgment may be entered in any judicial circuit.

\*    \*    \*    \*    \*    \*

§ 658–8 **Award; confirming award**. . . . At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. Thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected, as prescribed in sections 658–9 and 658–10[.]

and attorney fees.

**§ 658–9 Vacating award.** In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

\* \* \* \* \* \*

(4) Where the arbitrators exceeded their powers[.]

\* \* \* \* \* \*

**§ 658–12 Entry of judgment.** Upon the granting of an order, confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment. An appeal may be taken from such judgment as hereinafter set forth.

■ HRS §§ 658–1 and –2 specify that an issue is not an arbitrable issue unless made so by a "provision in a written contract[,]" or by an "agree[ment] in writing[.]" In Baldonado's case, there is no written contract or agreement in writing authorizing the arbitrator to decide the issues of attorney fees and costs of suit. Therefore, these issues were not arbitrable issues and the arbitrator exceeded his powers when he rendered a decision on the issue. Although HRS § 658–9 states that, in such case, "the court may make an order vacating the award," *Brennan v. Stewarts Pharmacies, Ltd.,* 59 Haw. 207, 209, 579 P.2d 673, 675 (1978), concludes that "[t]he award must be set aside for the reason that the arbitrators went beyond their powers[.]"

**2. Rule 4. APPEALS—WHEN TAKEN.**

(a) Appeals in Civil Cases.

(1) In a civil case in which an appeal is permitted by law as of right from a court or agency or by an order of a court granting an interlocutory appeal or by a Rule 54(b), HRCP [Hawaiʻi Rules of Civil Procedure] or DCRCP [District Court Rules of Civil Procedure], certificate from the court appealed from, the notice of appeal required by Rule 3 shall be filed by a party with the clerk of the court or agency appealed from within 30 days after the date of entry of the judgment or order appealed from. . . .

\* \* \* \* \* \*

(4) If a timely motion under the [HRCP] or [DCRCP] or the Hawaiʻi Family Court Rules is filed in the circuit or district court by any

**III.**

■ The circuit court's Order Granting Movant Ray Baldonado's Motion to Confirm Arbitration Award and Denying Motion for Costs, Interest and Attorney's Fees Filed on December 30, 1991 was entered on March 2, 1992. This order is the final and appealable judgment in Baldonado's case. *See Oppenheimer v. AIG Hawaiʻi Ins. Co.,* 77 Hawaiʻi 88, 91–92, 881 P.2d 1234, 1237–38 (1994). In arbitration cases, the requirement of the last sentence of Hawaiʻi Rules of Civil Procedure (HRCP) Rule 58 that "[e]very judgment shall be set forth on a separate document" is superseded by HRS §§ 658–12 and –15 (1993), which state as follows:

**§ 658–12 Entry of judgment.** Upon the granting of an order, confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment. An appeal may be taken from such judgment as hereinafter set forth.

**§ 658–15 Appeal when.** Unless the agreement for award provides that no appeal may be taken an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action, otherwise no appeal may be had.

■ None of Baldonado's subsequent motions affected the finality or appealability of the March 2, 1992 order/judgment. *See* Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(4) and (5) (1995).[2] Baldo-

party; (i) for judgment under Rule 50(b), HRCP; (ii) under Rule 52(b), HRCP and DCRCP, to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59, HRCP and DCRCP, to alter or amend the judgment; or (iv) under Rule 59, HRCP, DCRCP, and HFCR, for a new trial; or (v) under Rule 59(g), HFCR, for reconsideration, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fee shall be required for such filing.

nado's August 17, 1992 Motion for Reconsideration was filed expressly pursuant to HRCP Rule 59. Since HRCP Rule 59(e) requires motions to alter or amend the judgment to be served not later than ten days after entry of the judgment, and HRCP Rule 59(e) includes motions for reconsideration, *see* HRAP Rule 4(a)(4)(v) and 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1 (1995), Baldonado's motion was untimely.

It follows that each of the following post-judgment actions were unauthorized: (a) Baldonado's May 12, 1992 Motion for Remand; (b) Baldonado's August 17, 1992 Motion for Reconsideration; and (c) Arbitrator's June 18, 1992 supplemental decision awarding Baldonado attorney fees of $3,290. Consequently, Baldonado's post-judgment motions were validly denied and the post-judgment award was validly vacated.

### IV.

 Baldonado also asked the circuit court for an award of attorney fees and costs. He contended that HRS § 431:10–242 (1993) applies to HRS chapter 658 (1993) arbitration cases such as this. HRS § 431:10–242 (1993) states in relevant part that "[w]here an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the ... beneficiary under a policy, ... shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy."

The questions whether HRS § 431:10–242 applies to arbitration awards and whether it authorized the circuit court to award Baldonado his reasonable attorney fees and the

costs of suit have not been decided. Assuming the answers to both questions are "yes", the circuit court's March 2, 1992 order confirming arbitrator's award and denying fees and costs was the final and appealable judgment denying Baldonado's request. Baldonado's failure to timely appeal this order/judgment results in our lack of jurisdiction to review it.

### V.

 Liberty Mutual contends that this appeal is frivolous and requests an award of reasonable attorney fees and costs incurred in this appeal pursuant to HRAP Rule 38.[3] The term "frivolous" has been defined as being "manifestly and palpably without merit." *Harada v. Ellis*, 4 Haw.App. 439, 446, 667 P.2d 834, 839 (1983) (quoting *Kawaihae v. Hawaiian Insurance Co.*, 1 Haw.App. 355, 360–61, 619 P.2d 1086, 1090 (1980)). We conclude that this appeal is not frivolous and therefore deny Liberty Mutual's request.

### CONCLUSION

Accordingly, we affirm the First Circuit Court's (1) August 7, 1992 Order Denying Claimant Ray Baldonado's Motion for an Order Remanding this Matter to the Arbitrator Filed May 12, 1992; (2) September 2, 1992 Order Denying Claimant Ray Baldonado's Motion for Reconsideration, or in the Alternative to Alter or Amend a Judgment Filed August 17, 1992; and (3) October 6, 1992 Order Granting Respondent Liberty Mutual Insurance Company's Motion to Vacate Arbitrator's Supplemental Decision Filed on June 29, 1992.

---

(5) The court or agency appealed from, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion actually filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(4) of this Rule 4. Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from. No such extension shall exceed 30 days past

such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

**3.** Hawai'i Rules of Appellate Procedure Rule 38 states as follows:

**FRIVOLOUS APPEALS.**

If a Hawaii [Hawai'i] appellate court shall determine that an appeal decided by it was frivolous, it may award damages including reasonable attorneys' fees and costs to the appellee.