Opinion of the Court by
 

 ACOBA, J.
 

 Claimant-Appellant Zashell Labrador appeals from an order of the Circuit Court of the Third Circuit (the court)
 
 [2]
 
 denying attorneys’ fees and costs in a proceeding to confirm an arbitration award. For the following reasons, we affirm.
 

 I.
 

 On August 5, 1994, Labrador, a thirteen-year-old girl, suffered severe facial scarring as a result of an automobile accident. Labrador was riding as a passenger in a 1990 Subaru Legacy driven by Ms. Elisa Tolfree. Tolfree stated in a deposition that an unidentified truck swerved into her lane, causing her to lose control of her vehicle and collide with a telephone pole.
 

 At the time of the accident, Tolfree’s Subaru was covered under an automobile insurance policy issued by PEMCO Mutual Insurance Company (PEMCO). That policy provided underinsured motorist insurance (UIM)
 
 [3]
 
 in the amount of $100,000 per person/$300,000 per accident.
 
 [4]
 
 Tolfree also had an insurance policy with Sentinel Insurance Company, Ltd (Sentinel).
 
 [5]
 
 That policy provided uninsured motorist insurance (UM) in the amount of $50,000 per person/$100,000 per accident.
 

 Labrador was insured under her parents’ personal automobile insurance issued by Liberty Mutual. That policy provided UM coverage in the amount of $35,000 for each of four insured vehicles, for a total of $140,000 in available UM coverage.
 

 According to the Liberty Mutual insurance policy, the parties would submit to binding arbitration if either Liberty Mutual or the insured disagreed about (1) whether the insured was legally entitled to recover damages or (2) the amount of damages. The arbitration agreement also specified that each party would “pay the expenses it incurs,” and “bear the expense of the third arbitrator equally.” Labrador and Liberty-Mutual agreed to an arbitration proceeding on the issue, of Labrador’s UM claim. In a letter dated September 26, 2001 addressed to Sentinel’s attorney, Liberty Mutual declared that the arbitration would be for purposes of determining the following issues:
 

 (1) whether [Tolfree] was negligent; (2) whether the phantom vehicle was negligent; (3) whether there was joint and several liability for causing the accident; (4) whether [Tolfree] and/or the phantom vehicle was a legal cause of [Labrador]’s injuries/damages; (5) the percentage of liability on each party, if any; and (5)[sie] the value of [Labrador’s claim.
 

 Liberty Mutual went on to state that “the arbitrators will not be arbitrating the issue of primacy of coverage and/or any other coverage issues.” Liberty Mutual also reserved “any and all rights or claims [Liberty Mutual and Hartford] may have 1) in the underlying BI [Bodily Injury] case; 2) in the subject UM arbitration; and/or 3) any future UIM arbitration, if any.” Finally, Liberty Mutual reserved the right to file a declaratory judgment action with respect to the coverage issues.
 
 [6]
 
 Labrador received a copy of this letter.
 

 
 *209
 
 Prior to the arbitration, on November 21, 2001, Liberty Mutual filed a complaint for declaratory judgment and other relief in
 
 Liberty Mut. Ins. Co. v. Sentinel Ins. Co.,
 
 Civil No. 01-1-0508, “in order to resolve issues that had arisen concerning the priority of UM coverages under the policies issued by PEMCO, Sentinel, and Liberty Mutual, the effect of Labrador’s prior settlement -with Tolfree upon Liberty Mutual’s subrogation and reimbursement rights, and other issues.” Liberty Mutual also requested attorneys’ fees and costs in this declaratory action. Liberty Mutual filed an amended complaint for declaratory judgment on January 23, 2002.
 

 II.
 

 The arbitration was held on November 28, 2001, and the arbitrators issued an award dated December 20, 2001. In their award, the arbitrators allocated forty percent fault to the uninsured, unidentified motorist, and sixty percent fault to Tolfree. Labrador’s special damages were determined to be $13,984.99, and the general damages were set at $236,015.01, for a total of $250,000.00 in damages. No coverage issues were mentioned in the award.
 

 On December 21, 2001, Labrador’s attorney sent a letter to Liberty Mutual requesting the payment of benefits. In the letter, Labrador proposed that Liberty Mutual pay $50,000 under the UIM policy and $70,000 under the UM. policy, in exchange for a dismissal of all other claims. Labrador indicated that Liberty Mutual could then seek subrogation from PEMCO but not from Sentinel, as Labrador had settled her UM claim with that insurer for $30,000. Alternatively, Labrador stated that she would file a motion to confirm the award and that she would seek attorneys’ fees and costs pursuant to Hawai'i Revised Statutes (HRS) § 431:10-242 (1993).
 

 Liberty Mutual responded to Labrador’s request for benefits in a letter dated December 28, 2001, indicating that Labrador was not entitled to UM or UIM benefits. Liberty Mutual further related that, in regard to Labrador’s intention to pursue attorneys’ fees pursuant to HRS § 431:10-242, “Liberty Mutual has not ‘contested its liability’ for UM benefits under the Liberty Mutual policy. It has merely asserted that the UM coverage provided thereunder is excess to the primary UM coverages under the [Sentinel] policy and/or the PEMCO policy under the circumstances of this case.”
 

 III.
 

 On January 3, 2002, Labrador filed a motion to confirm the arbitration award and for attorneys’ fees, costs, and post-judgment interest. Labrador argued that she was entitled to attorneys’ fees “[a]s a result of Liberty Mutual’s denial of benefits and [Labrador]’s attempts to enforce payment of policy benefits[.]” Labrador maintained in the motion that she “made a claim against Liberty Mutual for uninsured/underinsured bénefits which was denied,” and that on August 16, 2001, “the parties [had] agreed to arbitrate the issues of liability and damages using three arbitrators.” To support the contention that Liberty Mutual had denied her claim for benefits, Labrador merely cites to her own December 21, 2001 letter sent to Liberty Mutual, in which Labrador alleged that Liberty Mutual had refused to pay a settlement.
 

 On January 29, 2002, Liberty Mutual filed a memorandum in opposition to Labrador’s motion to confirm. Liberty Mutual argued,
 
 inter alia,
 
 that confirmation of an arbitration award “is inappropriate where there are several issues that need to be decided in connection with a” pending declaratory judgment action. On January 31, 2002, Liberty Mutual filed a motion for stay of proceedings.
 

 In a March 7, 2002 order, the court granted Labrador’s motion to confirm on the issues of liability and damages and denied Labrador’s motion for attorneys’ fees, costs, and/or post-judgment interest. The order, however, was subject to another order staying the proceedings:
 

 
 *210
 
 A. Said Motion is GRANTED to the extent that it relates to the issues of liability and damages recoverable against the uninsured motorist as set forth in that certain Arbitration Award dated December 20, 2001;
 

 B.
 
 Said Motion is DENIED to the extent that it requests attorneys’ fees, costs and/or post-judgment interest;
 
 and
 

 C.
 
 The foregoing rulings are subject, however, to the Order Granting Respondent Liberty Mutual Insurance Company's Motion [f]or Stay [ojf Proceedings,
 
 entered concurrently herewith.
 

 (Emphases added.) A separate March 7, 2002 order granted Liberty Mutual’s motion for stay of proceedings, pending the outcome of the declaratory action:
 

 IT IS HEREBY ORDERED, ADJUDGED and DECREED that Respondent Liberty Mutual Insurance Company’s Motion [f]or Stay [o]f Proceedings be, and the same is hereby is [sic] GRANTED, and
 
 any and all prvceedings to enforce that certain Arbitration Award dated December 20, 2001, be and hereby are STAYED pending the final disposition of that certain declaratory judgment action
 
 entitled
 
 Liberty Mutual Insurance Co. v. Sentinel Insurance Co., Ltd., et al.,
 
 Civil No. 01-1-0508, currently pending in the Circuit Court of the Third Circuit, State of Hawaii.[
 
 7
 
 ]
 

 (Emphases added.)
 

 On April 8, 2002, Labrador filed a notice of appeal to this court.
 
 [8]
 
 Labrador’s sole issue on appeal is whether the court erred by refusing to award attorneys’ fees and costs pursuant to HRS § 431:10-242.
 

 IV.
 

 HRS § 431:10-242 states that
 

 [wjhere an insurer has contested its liability under a policy
 
 and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy
 
 shall be awarded reasonable attorney’s fees and costs of suit,
 
 in addition to the benefits under the policy.
 

 (Emphases added.) Labrador argues that a circuit court may award fees and costs under HRS § 431:10-242 in a motion to confirm an UM arbitration award.
 

 V.
 

 In
 
 Baldonado v. Liberty Mut. Ins. Co.,
 
 81 Hawai'i 403, 408, 917 P.2d 730, 735 (App. 1996), the Intermediate Court of Appeals (ICA) observed that “[t]he question[ ] whether HRS § 431:10-242 applies to arbitration awards ... ha[s] not been decided.” In that case, Baldonado “was shot in the left elbow by an assailant seated in the right front passenger seat of’ an uninsured vehicle.
 
 Id.
 
 at 404, 917 P.2d at 731. He then filed a claim seeking UM damages under his parents’ Liberty Mutual insurance policy.
 
 Id.
 
 Liberty Mutual denied coverage, and the parties submitted the matter to arbitration.
 
 Id.
 
 at 404-05, 917 P.2d at 732-33. Baldonado was awarded damages totaling $18,088.
 
 Id.
 
 Baldonado then submitted to the arbitrator a post-hearing motion for attorneys’ fees and costs.
 
 Id.
 
 at 405, 917 P.2d at 733.
 

 Before the arbitrator issued a decision on the motion for attorneys’ fees and costs, Baldonado filed a motion to confirm the arbitration award and for costs, interest, and attorneys’ fees in the circuit court.
 
 Id.
 
 The circuit court confirmed the arbitration award, but denied the motion for attorneys’ fees and costs.
 
 Id.
 
 Liberty Mutual paid Baldonado the amount of the arbitration award.
 
 Id.
 
 at 406, 917 P.2d at 733.
 

 Baldonado then moved for an order remanding the matter to the arbitrator to decide attorneys’ fees and costs.
 
 Id.
 
 The circuit court denied this motion; Baldonado
 
 *211
 
 subsequently moved for reconsideration or, in the alternative, to alter or amend the judgment.
 
 Id.
 
 Again, the circuit court denied Baldonado’s motion.
 
 Id.
 
 The arbitrator then issued a supplemental decision awarding Baldonado attorneys’ fees.
 
 Id.
 
 Liberty Mutual filed a motion to vacate the supplemental decision, and the circuit court granted this motion. Baldonado appealed.
 
 Id.
 

 The ICA affirmed the circuit court and noted that even if HRS § 431:10-242 applies to arbitration awards, a question not reached by the ICA, Baldonado failed to timely appeal the circuit court’s order confirming the arbitration award and denying fees and costs.
 
 Id.
 
 at 408, 917 P.2d at 735. In the present ease, Labrador did timely appeal the order confirming the arbitration award and denying fees and costs.
 

 VI.
 

 “The standard of review for statutory construction is well-established. The interpretation of a statute is a question of law which this court reviews
 
 de novo.” State v. Wells,
 
 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (citing
 
 Pac. Int’l
 
 Servs.
 
 Corp. v. Hurip,
 
 76 Hawai'i 209, 216, 873 P.2d 88, 95 (1994);
 
 Franks v. City & County of Honolulu,
 
 74 Haw. 328, 334, 843 P.2d 668, 671 (1993)). “[Wjhere the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning.”
 
 Wells,
 
 78 Hawai'i at 376, 894 P.2d at 73 (citations and internal quotation marks omitted). For the reasons stated herein, we conclude that HRS § 431:10-242 does not apply to proceedings to confirm an arbitration award.
 

 VII.
 

 On its face, HRS § 431:10-242 declares in unambiguous terms that, when an insurer contests liability and a court orders payment of benefits, “attorneys’ fees and costs of suit” must be awarded to the insured. This language indicates that the fees and costs that are ordered to be paid arise in a “suit.” The term “suit” refers
 

 to any proceeding by one person or persons against another or others
 
 in a court of law
 
 in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the enforcement of a right, whether at law or in equity.... [The t]erm “suit” has generally been replaced by [the] term “action”; which includes both actions at law and in equity.[
 
 9
 
 ]
 

 Black’s Law Dictionary
 
 1434 (6th ed.1990) (emphasis added). HRS § 431:10-242, then, refers to a judicial proceeding.
 

 Broadly speaking, a proceeding to confirm an arbitration award is a proceeding brought by one or more parties against others in a court of law. However, for HRS § 431:10-242 to apply, the suit must be one in which an insurer “has contested its liability under a policy and is ordered to pay benefits under the policy.” The instant court proceeding is for confirmation of the underlying arbitration award. Therefore, it is evident that HRS § 431:10-242 does not apply in this case. The court is mandated to award attorneys’ fees and costs only when such fees and costs arise in a judicial proceeding in which an insurer has contested its liability.
 

 VIII.
 

 As indicated, the motion to confirm an arbitration award is one brought to enforce an award rendered in an arbitration proceeding; it is not one in which the question is whether the insured must pay benefits under the terms of its insurance policy. Confirmation of an arbitration award is governed by HRS § 658-8 (1993).
 
 [10]
 
 HRS § 658-8 states in relevant part, that
 

 
 *212
 
 [a]t any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award.
 

 Consequently, when faced with a motion to confirm an' arbitration award, the circuit court is limited to whether the arbitration award was correctly rendered as measured against specific standards.
 
 See Gepaya v. State Farm Mut. Auto. Ins. Co.,
 
 94 Hawai'i 362, 365, 14 P.3d 1043, 1046 (2000). When faced with a motion to confirm an arbitration award, the circuit court must “grant such an order, unless the award is vacated, modified, or corrected, as prescribed in sections 658-9 and 658-10.” HRS § 658-8. “HRS § 658-9 provides only four specific grounds upon which an award can be vacated, while HRS § 658-10 provides only three grounds for modifying or correcting an award.”
 
 [11]
 

 Gepaya,
 
 94 Hawai'i at 365, 14 P.3d at 1046 (internal quotation marks and citation omitted). “Additionally, two judicially recognized exceptions to confirmation exist; one, to allow remand to the arbitrator to clarify an ambiguous award; another, to allow vacation of an arbitration award clearly violative of public policy.”
 
 Id.
 
 (internal citations omitted). The jurisdiction of the court then, on the motion to confirm the arbitration award was limited to the foregoing determinations.
 

 IX.
 

 In addition, it is evident that HRS § 431:10-242 does not apply to the underlying arbitration proceeding because an arbitration proceeding is not a “suit.”
 
 [12]
 
 “Arbitration” is defined as the
 

 process of dispute resolution in which a neutral third party (arbitrator) renders a decision after a hearing at which both parties have an opportunity to be heard[;] ... [a]n arrangement for taking and abiding by the judgment of selected persons in some disputed matter,
 
 instead of carrying it to established tribunals of justice,
 
 and is intended
 
 to avoid the formalities, the delay, the expense and vexation of ordinary litigation.
 

 Black’s Law Dictionary
 
 at 105 (emphases added). “Litigation” refers to “[a] lawsuit[, a Ijegal action, including all proceedings therein!, a
 
 cjontest in a court of law
 
 for the purpose of enforcing a right or seeking a remedy!,
 
 oj judicial contest,
 
 a judicial controversy,
 
 a suit at law.” Black’s Law Dictionary
 
 at 934 (emphases added). Thus, an arbitration proceeding is not a “suit” within the meaning of HRS § 431:10-242.
 

 
 *213
 
 Labrador cites to
 
 Wiegand v. Allstate Ins. Co.,
 
 68 Haw. 117, 706 P.2d 16 (1985), to support her contention that an arbitration proceeding is a suit. In
 
 Wiegand,
 
 however, this court construed the term “suit” as it was employed in HRS § 294-36(a) (1985).
 
 [13]
 
 In that case, it was found that the appellants’ request for arbitration was barred by the statute of limitations provided for in HRS § 294-36(a). This court reasoned that
 
 “under HRS § 29U-32
 
 [ (1985),
 
 [14]
 
 ]
 
 the arbitration process
 
 to settle disputed claims
 
 must be initiated in a judicial proceeding
 
 and an appeal of an arbitrator’s judgment may be taken to the circuit court in a judicial proceeding.”
 
 Id.
 
 at 120, 706 P.2d at 19 (emphases added). Additionally, in
 
 Wiegand,
 
 this court reasoned that “the purpose of a statute of limitations is to discourage delay and the presentation of stale claims.”
 
 Id.
 
 at 122, 706 P.2d at 20 (citation omitted). This court concluded that the “legislature could not have intended that the arbitration proceeding in our no-fault law be used to frustrate prompt settlement of disputed claims.”
 
 Id.
 
 (citation omitted). In
 
 Wright v. State Farm Mut. Auto. Ins. Co.,
 
 86 Hawai'i 357, 949 P.2d 197 (App.1997), the ICA cited
 
 Wiegand
 
 for the proposition that
 
 “[t]he term, ‘suit’ in HRS § 291-36(a) encompasses a party’s request to the circuit court for the appointment of an arbitrator
 
 to settle disputed no-fault claims pursuant to HRS § 294-32.”
 
 Id.
 
 at 360, 949 P.2d at 200 (emphasis added).
 

 In the present case, the arbitration proceeding was not judicially instituted by resort to HRS § 294-32. HRS § 431:10-242 does not contain a statutory provision providing that the parties file a written request with the clerk of the circuit court to initiate the arbitration proceeding. Hence, the rationale for extending the definition of “suit” in HRS § 294-36(a) to HRS § 294-32 proceedings does not pertain to HRS § 431:10-242.
 

 X.
 

 Accordingly, the court did not err in denying Labrador’s motion for attorneys’ fees and costs. For the foregoing reasons, the court’s March 7, 2002 decision to deny Labrador’s motion for attorneys’ fees is affirmed.
 

 [2]
 

 . The Honorable Ronald Ibarra presided.
 

 [3]
 

 . UIM is the equivalent of uninsured motorist insurance for purposes of the PEMCO insurance policy.
 

 [4]
 

 . On November 13, 1996, Labrador settled any and all claims against Tolfree for PEMCO's $100,000 liability policy limit. Respondent-Ap-pellee Liberty Mutual Insurance Company (Liberty Mutual), Labrador’s parents' automobile insurance carrier, claims that Labrador did not receive its consent in regard to this settlement. However, a facsimile dated October 30, 1996, sent by Labrador to Liberty Mutual, detailed Labrador's negotiations with PEMCO to settle her claim for general damages. Labrador requested that Liberty Mutual reply promptly if it objected to this negotiation. Liberty Mutual responded on December 20, 1996, one month and one week after Labrador settled the claim with PEMCO. In this response, Liberty Mutual stated that it was still investigating the issue of benefits, and had no position.
 

 [5]
 

 . Sentinel is an affiliate of The Hartford Financial Services Group.
 

 [6]
 

 . Liberty Mutual’s letter stated as follows:
 

 [T]he right to file a declaratory judgment action to determine (1) whether Hartford's UM policy is primary and (2) whether Liberty Mu
 
 *209
 
 tual is entitled to subrogation against PEMCO and/or Hartford and/or reimbursement from the Labradors for any benefits, attorneys fees [sic] and/or costs incurred in connection with this matter.
 

 [7]
 

 . The question of whether Labrador would be entitled to attorneys’ fees and costs in the declaratory judgment action brought by Liberty Mutual is not presented in this appeal.
 

 [8]
 

 . Liberty Mutual contested this court's jurisdiction on the ground that the arbitration award was not final due to the stay of proceedings. This court denied Liberty Mutual's motion to dismiss, noting that the stay of proceedings was a stay of enforcement that did not affect the finality of the judgment for purposes of appeal.
 

 [9]
 

 . The word "action” "in its usual legal sense
 
 means a lawsuit brought in a court
 
 [;] ... [t]he legal and formal demand of one’s right from another person or party made and insisted on in a court of justice....”
 
 Black’s Law Dictionary
 
 28 (6th ed.1990) (emphasis added).
 

 [10]
 

 . In 2001, HRS chapter 658 was replaced by a modified version of the Uniform Arbitration Act. HRS chapter 658 is still applicable to this case, however, as HRS § 658A-3 (2001) specifically states that "this chapter governs an agreement to arbitrate made on or after July 1, 2002.” In this case, the arbitration between Labrador and Liberty Mutual occurred on November 28, 2001, and the arbitration award was issued on December 20, 2001. Thus, the agreement to arbitrate,
 
 *212
 
 the arbitration, and the award occurred prior to July 1, 2002.
 

 [11]
 

 . According to HRS § 658-9 (1993), a court may vacate an arbitration award in the following situations:
 

 (1) Where the award was procured by corruption, fraud, or undue means;
 

 (2) Where there was evident partiality or corruption in the arbitrators, or any of them;
 

 (3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;
 

 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.
 

 HRS § 658-10 (1993) allows a court to modify or correct an arbitration award
 

 (1)Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;
 

 (2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
 

 (3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.
 

 [12]
 

 . It is to be noted, additionally, that a motion for attorneys’ fees under HRS § 431:10-242 cannot be brought during an arbitration proceeding because ihe statute only applies when an insurer "is ordered
 
 by the courts
 
 to pay benefits under the policy....” (Emphasis added.) Also, Liberty ’ Mutual’s insurance policy did not provide for an award of attorneys’ fees and costs in the arbitration proceeding. As previously indicated, each party was to "pay the expenses it incurs.”
 
 See supra
 
 page 3. Thus, “in the absence of an express authorization by statute,” attorneys' fees may be awarded in an arbitration proceeding only when "the governing arbitration agreement provides for such an award.”
 
 Hamada v. Westcott,
 
 102 Hawai'i 210, 211, 74 P.3d 33, 34 (2003).
 

 [13]
 

 . HRS § 2 94-3 6(a) was repealed on July 1, 1988, and replaced by HRS § 431:100-315 (1993). HRS § 431:10C, which applied at the time of the case at hand, was substantially the same and stated:
 

 Statute of limitations, (a) No suit shall be brought on any contract providing no fault benefits or any contract providing optional additional coverage more than the later of:
 

 (1) Two years from the date of the motor vehicle accident upon which the claim is based;
 

 (2) Two years after the last payment of motor vehicle insurance benefits;
 

 (3) Two years after the entry of a final order in arbitration;
 

 (4) Two years after the entry of a final judgment in, or dismissal with prejudice of, a tort action arising out of a motor vehicle accident, where a cause of action for insurer bad faith arises out of the tort action; or
 

 (5) Two years after payment of liability coverage, for underinsured motorist claims.
 

 [14]
 

 . HRS § 294-32 was repealed on July t, 1998, and replaced by HRS § 431:100-213 (1993). HRS § 431:100-213, which applied at the time of the present case, contains the same language as HRS § 294-32, but the provisions are arranged in a different order and provided:
 

 Arbitration, (a) A claimant, insurer, or provider of services may submit
 
 any dispute relating to a motor vehicle insurance policy to an arbitrator by filing a written request with the clerk of the circuit court
 
 in the circuit where the accident occurred.
 

 (b) The administrative judge of each circuit court shall maintain a current list of persons qualified and willing to act as arbitrators and shall, within ten days of the date of filing of a request for arbitration, appoint an arbitrator from such list to hear and determine the claim.
 

 (c) Except as otherwise provided herein, the arbitration shall be in accordance with and governed by the provisions of chapter 65 8A.
 

 (d)
 
 Any fee or cost of the arbitrator shall be borne equally by the parties unless otherwise allocated by the arbitrator.
 

 (e) An appeal may be taken from any judgment of the arbitrator to the circuit court in the manner provided for in rule 72 of the Hawai'i Rules of Civil Procedure.
 

 (Emphases added.)