**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000365
28-MAY-2026
08:04 AM
Dkt. 61 MO**

NO. CAAP-24-0000365

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GWENDOLYN CASTRO, Claimant-Appellee, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CSP-22-0000044)

MEMORANDUM OPINION
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Respondent-Appellant State Farm Mutual Automobile

Insurance Company (**State Farm**) appeals from the April 16, 2024

Order Granting Claimant[-Appellee] Gwendolyn Castro's Motion To

Confirm Arbitration Award; And For Post Judgment Attorneys' Fees,

Costs, and Post Judgment Interest And Order Denying Respondent's

Motion To Vacate Partial Arbitration Award (**Order re Arbitration**

**Award**) entered against it by the Circuit Court of the Third

Circuit (**Circuit Court**).[1]

I.   BACKGROUND

On August 12, 2019, Gwendolyn Castro (**Castro**) was

injured in an automobile accident.  The driver of the other

vehicle was James Besser (**Besser**).  Both of them were insured by

---

[1]    The Honorable Robert D.S. Kim presided.

State Farm.  Castro settled her claim with Besser for $245,000.
On September 16, 2022, Castro filed an application to the Circuit
Court for an order appointing an arbitrator and directing
arbitration, contending that she was entitled to Underinsured
Motorist (**UIM**) benefits under her policy with State Farm.  On
October 17, 2022, the Circuit Court entered an Order Appointing
Arbitrator and Directing Arbitration, which appointed Jerry
Hiatt, Esq., as the arbitrator (**Arbitrator**).

The Arbitrator held a hearing on June 20, 2023, and
August 16, 2023.  The Arbitrator issued his Partial Final Award
(**PFA**) on September 4, 2023, awarding Castro $882,103.56 in
damages, costs, and prejudgment interest.[2]  The Arbitrator
reserved the issue of attorney's fees and directed Castro to
supplement the record, with respect to attorney's fees, within 14
days of the filing of the PFA and directed State Farm to file any
opposition 14 days thereafter.  On September 11, 2023, Castro
requested attorney's fees in the amount of $234,711.30, or 1/3 of
$704,133.91, pursuant to a contingent fee agreement with Castro's
attorney.  On September 12, 2023, State Farm objected to the
award of attorney's fees and prejudgment interest.  State Farm
argued, *inter alia*, that the Arbitrator lacked authority to award

---

[2]    The breakdown of the award was:

Total Special Damages (Medical Expenses) $182,440.77
Total Out of Pocket Costs $386.92
Total General Damages $750,000.00
Total Costs $21,813.34
Subtotal $954,641.03
Less Stipulated Reduction ($260,000.00)
Subtotal $694,641.03
Less Deduction for Apportionment of 2.4% ($16,671.38)
Subtotal $677,969.65.
Plus Pre-Judgment Interest $204,133.91
**TOTAL AMOUNT AWARDED TO CLAIMANT $882,103.56**

attorney's fees because they were not raised at the hearing and were "extra-contractual."

The Arbitrator issued a Final Award on October 7, 2023, awarding Castro attorney's fees pursuant to Hawaii Revised Statutes (**HRS**) § 431:10-242 (2019) and HRS § 658A-21(b) (2016), and prejudgment interest pursuant to HRS § 658A-21(c) (2016).

In the Final Award, the Arbitrator explained that he found Castro was entitled to prejudgment interest because State Farm, as the insurer to both Castro and Besser, should have known there would be a UIM claim, but nevertheless delayed payment for more than four years. The Arbitrator relied on Weite v. Momohara, 124 Hawaiʻi 236, 251, 240 P.3d 899, 914 (App. 2010), for the proposition that "[t]he 'well-established' purpose of the statute is to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." The Arbitrator awarded Castro the requested attorney's fees. The Final Award states, *inter alia*:

> The Arbitrator notes that at the hearing both sides were invited to file post hearing memoranda on the relevant issues and there is a very clear request for both attorneys' fees and pre-judgment interest in [Castro's] memo filed on August 18 2023, at pp 6-9. The Arbitrator finds that the [declaration of attorney Marx, including an executed contingent fee agreement,] meets the requirements of showing a relatively standard written and signed contingency fee agreement. There was nothing presented in the record from [State Farm] to contest the validity or reasonableness of that executed contingent fee agreement.

The Arbitrator further awarded prejudgment interest on the award of attorney's fees, to begin to accrue thirty days after the issuance of the Final Award.

On October 13, 2023, State Farm filed a Notice of Appeal from the PFA and the Final Award, in the Circuit Court.

Castro filed a Motion to Confirm Arbitration Award; and For Post Judgment Attorney's Fees And Costs and Post Judgment Interest on October 16, 2023, as well as a Memorandum in Support (**Motion to Confirm**).

On December 14, 2023, State Farm filed a Motion to Vacate Partial Arbitration Award (**Motion to Vacate**).[3]

On April 16, 2024, the Circuit Court filed the Order re Arbitration.  The Circuit Court granted Castro's Motion to Confirm and denied State Farm's Motion to Vacate.  State Farm timely appealed.

II.  POINTS OF ERROR

State Farm raises two points of error on appeal, contending that:  (1) the Circuit Court erred by confirming the Arbitrator's award of attorney's fees, costs, and prejudgment interest to Castro because the award exceeded the scope of the Arbitrator's authority; and (2) the Circuit Court erred by ordering State Farm to pay Castro any amounts in excess of State Farm's UIM policy limit.

III.  APPLICABLE STANDARD OF REVIEW

We review the Circuit Court's ruling on an arbitration award de novo.  Tatibouet v. Ellsworth, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002).  However, we are "mindful that the [Circuit Court's] review of arbitral awards must be 'extremely narrow and exceedingly deferential.'"  Id.  The Hawaiʻi Supreme Court has explained the reasons for such deference:

> First, because of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators

---

[3]  Both Castro and State Farm filed oppositions and replies.  Both parties made essentially the same arguments in all their filings.

have broad discretion in resolving the dispute. Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.

Second, correlatively, judicial review of an arbitration award is confined to the strictest possible limits. An arbitration award may be vacated only on the four grounds specified in HRS § 658[A]-9 and modified and corrected only on the three grounds specified in HRS § 658[A]-10. Moreover, the courts have no business weighing the merits of the award.

Schmidt v. Pac. Benefit Servs., Inc., 113 Hawaiʻi 161, 165-66, 150 P.3d 810, 814-15 (2006) (citation omitted).

IV. DISCUSSION

A. Attorney's Fees

State Farm argues that the Arbitrator exceeded his authority when he awarded Castro attorney's fees because HRS § 431:10-242 is inapplicable to arbitrations.

Hawaiʻi courts shall vacate an award if the arbitrator exceeded the arbitrator's powers. HRS § 658A-23(4). An arbitrator exceeds their authority if they award attorney's fees in the absence of a statute or arbitration agreement authorizing attorney's fees. Hamada v. Westcott, 102 Hawaiʻi 210, 215, 74 P.3d 33, 38 (2003).

HRS § 431:10-242 provides:

> **§ 431:10-242 Policyholder and other suits against insurer.** Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

State Farm argues that the statute is inapplicable because State Farm did not contest its liability to Castro as

5

State Farm only challenged the amount of damages it owed Castro under the policy.

"The fundamental question with respect to the issue of awarding attorney's fees is whether [the insurer] has in fact been ordered to pay benefits within the meaning of HRS § 431:10-242." Mikelson v. United Servs. Auto. Ass'n, 108 Hawaiʻi 358, 360, 120 P.3d 257, 259 (2005). An order declaring that an insured is entitled to "coverage" does not trigger attorney's fees under HRS § 431:10-242. Id. However, an order requiring the insurer to pay "UIM benefits" does. Id. For example, when a final judgment provided that the defendant had "an obligation to pay wage loss *benefits*" under the policy, the circuit court did not err in awarding attorney's fees under HRS § 431:10-242. First Ins. Co. of Haw. v. Dayoan, 124 Hawaiʻi 426, 436, 246 P.3d 358, 368 (App. 2010) (emphasis added).

Here, the Arbitrator expressly found that "this is clearly a contract dispute between the Parties over the insurance policy *benefits* at issue between the Parties." (Emphasis added). As in Dayoan, the Arbitrator's PFA ordered State Farm to pay benefits. Therefore, we conclude that HRS § 431:10-242 applies.

State Farm further argues that the Arbitrator exceeded his authority because HRS § 431:10-242 does not apply in arbitrations. State Farm relies on Labrador v. Liberty Mut. Grp., 103 Hawaiʻi 206, 212, 81 P.3d 386, 392 (2003), in which the supreme court held: "In the instant case, it is evident that HRS § 431:10-242 does not apply to the underlying arbitration proceeding because an arbitration proceeding is not a 'suit.'" In Labrador, however, the supreme court clearly applied HRS

Chapter 658, the predecessor statute to Chapter 658A, stating:

> In 2001, HRS chapter 658 was replaced by a modified version of the Uniform Arbitration Act [Chapter 658A]. HRS chapter 658 is still applicable to this case, however, as HRS § 658A-3 (2001) specifically states that "this chapter governs an agreement to arbitrate made on or after July 1, 2002." In this case, the arbitration between Labrador and Liberty Mutual occurred on November 28, 2001, and the arbitration award was issued on December 20, 2001. Thus, the agreement to arbitrate, the arbitration, and the award occurred prior to July 1, 2002.

Id. at 211 n.10, 81 P.3d at 391 n.10.

Unlike Labrador, this case is governed by Chapter 658A. Relevant here, HRS § 658A-21 provides:

> § 658A-21 **Remedies; fees and expenses of arbitration proceeding.**
>
> . . . .
>
> (b) An arbitrator may award reasonable attorney's fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding.

Thus, unlike its predecessor, Chapter 658A specifically allows attorney's fees that would be recoverable in a civil action of the same type. Id. As discussed above, HRS § 431:10-242 authorizes attorney's fees when an insurer contests its liability and is ordered to pay benefits. State Farm contested its liability and the Arbitrator ordered it to pay benefits. Because Castro would be entitled to attorney's fees in a civil action, pursuant to HRS § 431:10-242, we conclude that the Arbitrator had authority to award fees under HRS § 658A-21.

State Farm further argues that in this case "attorneys' fees would not have been 'authorized by law in a civil action involving the same claim' because a UIM arbitration necessarily takes the place of a *lawsuit against the underinsured tortfeasor*. In this regard, the UIM carrier answers in damages for the underinsured tortfeasor up to the subject policy's UIM limit."

An insurer who unsuccessfully contests liability on a UIM claim is liable for attorney's fees and costs of suit. See Dayoan, 124 Hawaiʻi at 436, 246 P.3d at 368; see also Liberty Mut. Ins. Co. v. Sentinel Ins. Co., 120 Hawaiʻi 329, 348, 205 P.3d 594, 613 (App. 2009) (insurer was not successful in contesting its liability for UIM benefits, therefore HRS § 431:10-242 required that insured be awarded attorney's fees). This argument lacks merit.

B.    Prejudgment Interest

State Farm argues that the Arbitrator exceeded his authority by awarding prejudgment interest because he did not have authority to make an award greater than policy limits.

HRS § 658A-21(c) states:

> (c)  As to all remedies other than those authorized by subsections (a) and (b), an arbitrator may order such remedies as the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding. The fact that such a remedy could not or would not be granted by the court is not a ground for refusing to confirm an award under section 658A-22 or for vacating an award under section 658A-23.

As the supreme court has noted, "where the entire dispute is submitted to arbitration and pre-award interest is not specifically excluded by contract, arbitrators have the authority to make an award of interest as part of the determination of the total amount of compensation to which the prevailing party is entitled." Kalawaia v. AIG Haw. Ins. Co., 90 Hawaiʻi 167, 173 n.11, 977 P.2d 175, 181 n.11 (1999). This court previously affirmed an arbitrator's award of prejudgment interest in excess of policy limits. Blau v. AIG Haw. Ins. Co., CAAP-11-0000713, 2014 WL 2949437, at *2 (Haw. App. June 30, 2014) (SDO). We reasoned that "there was no specific prohibition against . . .

8

prejudgment interest and costs" and that the parties "assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact."  Id. (quoting Tatibouet, 99 Hawaiʻi at 236, 54 P.3d at 407).  We apply that rationale here to conclude that the arbitrator did not exceed his authority in awarding prejudgment interest.

V.    CONCLUSION

For these reasons, the Circuit Court's April 16, 2024 Order re Arbitration is affirmed.

DATED:  Honolulu, Hawaiʻi, May 28, 2026.

On the briefs:                        /s/ Karen T. Nakasone
                                      Chief Judge
Richard B. Miller,
Ashley R. Shibuya,                    /s/ Katherine G. Leonard
(Tom Petrus & Miller, LLLC),          Associate Judge
for Respondent-Appellant
                                      /s/ Clyde J. Wadsworth
Robert P. Marx,                       Associate Judge
for Claimant-Appellee